GEORGE BELTZHOOVER *vs.* JOHN YEWELL—*December*, 1840.

An acknowledgment, to take a debt out of the statute of limitations, if not made in express terms, must be evidenced by facts, satisfactorily shewing the admission of the debtor, that the debt had not been paid.

A payment made on account of a running account of long standing, of which the debtor had never been furnished with a copy, or otherwised apprised of the entries contained in it, is not sufficient to warrant the court, so to apply the payment to the debt, as to pronounce the statutory bar removed. It should be left to the jury to say, on account of what indebtedness the payments was made.

To revive the items of an open account which are barred by the statute, by a payment in part, or payment on account, it is necessary it should appear that, the payment was made on those items, or that the debtor with full knowledge of the charges barred by the statute, made the payment recognizing their validity.

APPEAL from *Baltimore* County Court.

This was an action of *assumpsit* brought on the 29th April 1837, by the appellant against the appellee. The declaration

counted for work and labor, care and diligence, and divers materials—use and occupation of certain stables and buildings of the plaintiff; matters properly chargeable in account—goods sold, money counts, and upon an *insimul computasset*.

The defendant pleaded the general issue and limitations, *non-assumpsit infra, &c.*, and *actio non*—on which issues were joined, &c.

At the trial of the cause, the plaintiff to support the issue on his part, offered in evidence to the jury an account, and proved the sale and delivery of the articles charged, comprising items for the yearly rent of a stable, at $50 per annum, commencing 12th July 1829, ending 12th July 1835, and for another stable from 2nd November 1829, to 2nd November 1835, at same rate, and of another stable from 23rd March 1830, to 23rd March 1835 at same rate, and for another stable from 24th April 1832, to 24th July 1835—and also an account from 31st January 1834, to July 1835, for men's board—salt and candles—vinegar and whiskey for horses.

The defendant then offered the following receipts:

*Baltimore, August 19th,* 1834.

Rec'd from *Geo. Beltzhoover*, agent, fifty dollars on account.
$50. *John Yewell.*

*Baltimore, Oct'r 20th,* 1834.

Rec'd from *Geo. Beltzhoover*, agent, fifty dollars on account.
$50. *John Yewell.*

Received from *G. Beltzhoover*, agent, fifty dollars on acc't.
*December 11th,* 1834. $50. *John Yewell.*

Rec'd from *G. B.* thirty dollars on acc't. *March 21st,* 1835.
$30. *John Yewell.*

*Mr. George Beltzhoover*, will please pay *Messrs. C. Hoffman & Co.* seventy-three dollars and ninety-seven cents, and charge to account of, Yours, &c. *John Yewell.*

*Baltimore, April* 15th, 1835. Endorsed, *C. Hoffman & Co. Baltimore, June* 23rd, 1835.

Rec'd from *G. Beltzhoover*, agent, thirty dollars on account.
$30. *John Yewell.*

Rec'd of *G. Beltzhoover*, agent, twenty-five dollars on acc't.
*Baltimore, July* 18th, 1835. $25. *John Yewell.*

Beltzhoover *vs.* Yewell.—1840.

The plaintiff then prayed the court's opinion to the jury, that such receipts took the plaintiff's claim out of the statute of limitations, for the period between the 1st January and the 27th April 1834, which direction the court (Archer, C. J. and Purviance, A. J.,) gave. The defendant excepted.

The verdict and judgment being against the defendant, he brought the case by appeal to this court.

The cause was argued before Stephen, Dorsey, Chambers, and Spence, J.

By Richardson and R. Johnson for the appellant, and By Tyson for the appellee.

Dorsey, J., delivered the opinion of this court.

A receipt on account for a sum of money paid, does not *per se* mean, that the payment was made in part satisfation of an account current, much less does it mean, that the payment was made in part satisfaction of an open account kept by the creditor against the debtor. It means nothing more, than that it is a payment on account of some debt due from the payer, to him receiving. What that debt is, is a matter of fact to be found by the jury, after the testimony in the cause in which the question arises, has been submitted to their consideration.

It is not an inference of law, or a matter of fact, so conclusively established by proof, that the court would be warranted in assuming the application of the payment to the debt, whereof proof had been given, and pronouncing the statutory bar to its recovery thereby removed. *Evans vs. Davies,* 3 *Eng. C. L. R.* 202, and *Dodson vs. Mackey,* 8 *Eng. C. L. R.* 377. That we have ascribed to such a receipt its true meaning, we think is not only sustained by its import in the ordinary transactions of business, in which it is so generally and indefinitely used; but by its legal interpretation when referred to in the law books.

In 2 *Leigh's Nisi Prius,* 1265, under the head of part payments on account, in shewing the effects of such payments, in taking claims without the statute of limitations, amongst the many cases referred to on that subject, there is *not* one of them,

where the cause of action was an account current; but the author treats of the payments which he classifies under that head, as indiscriminately applicable to every species of debt, whether on bill, bond, note or otherwise. If the word account, in the receipts in question, means an account current, to whose account current does it refer?—to that ‡kept by the plaintiff, or the defendant? Each may and ought to keep such an account of the transactions between them. Is it not in such case, much more probable, that the party paying, would recognize the account kept by himself, and design that the payment should be credited against the amount due thereon, for which he knows himself the debtor, than the account kept by the creditor, which the debtor has never seen, and is wholly ignorant of the charges it may contain.

But suppose there be but one account to which the payment could be applied; and that one kept by the creditor, (the contents of which however had never been communicated to the debtor,) and the debtor knowing, that for articles recently furnished by the creditor he owes him a larger, makes payment of a less sum on account; what acknowledgment of indebtness can be rationally inferred from such a payment? Can his act be tortured into an admission, that he then stands indebted to his creditor for every article with which at any period of his life, he might have been properly chargeable? notwithstanding, that previous to such payment, in contemplation of law, he is presumed to have made payment in fact for every article beyond the statutory bar, and by lapse of time to have lost the receipt, or evidence by which the payment might be established? Such admission too, covering items of the account, (if such were contained in it,) as well of eighteen as of three years standing. All the modern decisions and views which have prevailed in the courts of justice, both of *England* and of this country, for many years past, are opposed to the decision of the county court made in the case at bar, which if sustained, would be productive of as much mischief, and as affectually defeat the design of the statute, as any case to be found in the pages of its judicial history.

Beltzhoover *vs.* Yewell.—1840.

The acknowledgment of a debt to take it without the statute, if not made in express terms, must be evidenced at least by facts, satisfactorily shewing the admission of the debtor, that the debt had never been paid.   Upon no principle of reason or justice, can such an inference be deduced, from the simple fact of a payment made on account, of a running account of long standing, of which the debtor had never been furnished with a copy, or been otherwise put in possession of a knowledge of the entries which it contained.   The inconsistency and injustice of drawing such an inference against a debtor, making general payments on account, is demonstrated by the case now at bar, in which the court was called upon to assume the correctness of the plaintiff's account current, shewing a debt of nearly two thousand dollars, and withholding all credit for the numerous payments which had been made, and which the plaintiff himself afterwards admitted upon the record, that his claim with the many years interest, which the jury may have allowed him upon it, did not exceed the sum of two hundred and four dollars and thirty-two cents.

To revive the items of an open account, which are barred by the statute, by a payment in part, or part payment on account, which are the same thing, it is necessary that it should appear, that the payment was made on those items, or that the debtor having full knowledge of the charges in the account, to which the statute was a bar, made the payment, recognizing its validity.   The payment too, must be applied by the debtor, not the creditor.   For although the creditor, on the omission of the debtor to do so, may apply the payment in part satisfaction of the debt, or that part of it which is barred by the statute, yet such payment and application will not relieve the balance of such debt from the operation of the statute.   *Mills vs. Fowkes,* 35 *Eng. C. L. R.* 175.

For the reasons assigned, and on the authorities referred to, we think the county court erred in withdrawing from the consideration of the jury, the determination of the fact, on account of what indebtedness, the payments specified in the receipts were made, and in determining, that the unsatisfied por-

tion of the debt barred by the statute of limitations, was re-vived by the receipts, and therefore reverse their judgment.

JUDGMENT REVERSED AND A PROCEDENDO AWARDED.