JOHN ESCHBACH and JOHN E. ESCHBACH vs.
HAMILTON J. BAYLEY.

*Plea in abatement after a Plea in bar.*

In an action on two promissory notes, the defendants pleaded "never in-debted as alleged," and "did not promise as alleged;"—subsequently, by leave of the Court, they added the further plea of "payment," and issues were joined on these pleas. After the issues had been thus joined, and the jury were about to be sworn, the defendants asked leave to further amend their pleadings, by filing a plea in abatement, a plea of set-off and an account in bar. HELD:

That this application for leave to amend, was one entire proposition, and could only be so regarded by the Court; and as it sought to interpose a plea in abatement, after pleas in bar to the action had been filed, it was properly refused.

It is well settled that a plea in abatement cannot be received after a general imparlance, nor can it be pleaded after a plea in bar, unless the matter in abatement has arisen since the filing of the plea in bar, and then only when it is done at the first opportunity that offers after such matter has arisen.

APPEAL from the Circuit Court for Baltimore County.

The cause was argued before BARTOL, C. J., NELSON, STEWART, BRENT, MILLER, ALVEY and ROBINSON, J.

*John J. Snyder*, for the appellants:

There was error in the refusal of the Court below to allow the pleadings to be amended:

First. Because such pleas only as are not to the merits of the action, are restricted to the rule day, as limitation, usury, &c., while others may be pleaded afterwards. Set-off is as meritorious a plea as any general issue plea. *Evans' Practice, old edition,* 110, *new edition,* 156, 189; *Contee vs. Beall,* 1 *Harris & Johnson,* 485; *Wall vs. Wall,* 2 *H. & G.,* 81; *Kunkel vs. Spooner,* 9 *Md. Rep.,* 472; 8 *Bacon's Abridg't, set-off,* 658; *Tidd's Practice,* 720.

Second. Because Rule 17, of the Rules of the Circuit Court for Baltimore county, in these words: "An account filed in bar, or a claim of set-off, filed under Article 75, sections 12 and 13, of the Revised Laws of Maryland, will be considered in the nature of a special plea. The Court will therefore consider such accounts as pleas, and require them to be filed on or before the rule day," and upon which the appellee relies as sanctioning the ruling of the Court below, is in direct conflict with the spirit and clear intendment of Article 75, sections 12, 13 and 23, of the Code of Public General Laws, and is therefore nugatory and void. This rule undertakes to limit the exercise of a right given a defendant by the laws, by prescribing a time within which he must file, "his account in bar," or "plead discount," when the statute itself neither makes nor authorizes any such limitation; nor does it confer upon any Court any such power. The language of the statute is most general and comprehensive, and empowers a defendant in *any suit* to file his "account in bar," or "plead discount," "*without the slightest restriction as to the time,*" and it therefore irresistibly follows, that this may be done at any time before trial. A Court has no right to make rules to govern its practice, which may practically defeat, or which may in any manner interfere with the full and free exercise of any right conferred upon its suitors by the laws. This case was instituted in the Superior Court of Baltimore city, where there was no such rule in reference to set-off, and it having been removed to Baltimore county, must there be controlled by the rules in operation in the Court where it originated. Besides, the obvious purpose of these sections 12 and 13, of Article 75, was to diminish, to a certain extent at least, litigation, and the true rule would be, and is, to construe these sections liberally and beneficially and rather to enlarge than restrain their scope. Set-off was entirely unknown to the common law, and is a statutable plea. *Dwarris on Statutes,* 9 *vol. Law Lib., marginal page,* 718; *Sedgwick on Statutory Law,* 258, 318, 319, 322, 359, 360, 361, 438; *Annan vs. Houck,* 4 *Gill,* 326.

*Arthur W. Machen* and *Richard J. Gittings,* for the appellee:

It is manifest the plea in abatement was too late, after pleas in bar had been filed, and issue joined upon them. *Chapman Adm'r vs. Davis, Ex'tx,* 4 *Gill,* 166.

The plea of *set-off* was too late, not being within the rule day, as required by Rule 17, of the Rules of the Circuit Court for Baltimore county. The rule is eminently reasonable. The subject of a set-off being something wholly disconnected with the plaintiff's cause of action, it is right that he should have full notice of the defendants' purpose to set it up. But for the protection of some such rule, the plaintiff would be taken by surprise, and would be subjected to the alternative of going on to trial unprepared, or of submitting to a continuance, and thus affording the defendant the very delay which he seeks. On the other hand, the defendant suffers no prejudice, as he can make his cause of set-off the ground of a distinct action. *Graham vs. Partridge,* 1 *Meeson & Welsby,* 395; *Burch and Mundell vs. State,* 4 *G. & J.,* 451; *Milburn vs. Guyther,* 8 *Gill,* 97.

The offer of the two pleas—the plea in abatement and the plea of set-off—was *entire;* and the refusal of the Court to permit such amendment is made the ground of a single exception, and therefore the Court was right in disallowing either of the two new pleas; its ruling, as brought up in this bill of exceptions, must be sustained. *Ellicott vs. Martin, Love & Co.,* 6 *Md. Rep.* 517.

NELSON, J., delivered the opinion of this Court.

This is an action of *assumpsit,* brought on the 10th day of December, 1862, in the Superior Court of Baltimore city, by the appellee against the appellants, to recover the amount of two promissory notes. At the following May Term of the said Court, the defendants appeared by counsel and filed two pleas; the case was then regularly continued to the May Term, 1864, of said Court, when upon the affidavit of one

of the defendants, it was removed to the Circuit Court for Baltimore county; it was continued in that Court until its May Term, 1866, at which term it came up for trial. Upon the day of trial issue was joined on the two pleas of the defendants, which pleas were: "never indebted as alleged" and "did not promise as alleged." The defendants then asked leave of the Court to amend their pleadings by adding a plea of payment, which leave was granted by the Court, the amendment was made and issue was joined by the plaintiff on the amended pleas. After the issues had been thus joined and the jury were about to be sworn, but before they were sworn, the defendants asked leave further to amend the pleadings on their part, by filing a plea in abatement, a plea of set-off and an account in bar. This leave the Court refused, and from that refusal this appeal was taken. Much has been said in argument to show that the 17th rule of the Circuit Court for Baltimore county, is in conflict with Article 75, sections 12 and 13 of the Code of Public General Laws, relating to amendments, and it is supposed that such conflict renders the rule void, and for that reason the ruling of the Court below must be reversed. By the 31st sec. of Art. 75, it is provided that nothing in the preceding sections of this Article relating to amendments, shall affect any plea of limitations, in abatement, to the jurisdiction or other dilatory plea. Hence it is clear that the refusal of the Court to receive the plea in abatement does not violate the 75th Art. of the Code, and that the law stands as it did before the passage of that Article. From the view we have taken of this case, whether the rule in question is or is not in conflict, in other respects, with the provisions of the Code, is a question we do not deem it necessary to decide. The leave asked was to amend the pleadings by filing a plea in abatement, a plea of set-off and an account in bar, this was one entire proposition, the Court has signed and sealed it as one entire proposition, it is made the one and entire cause of exception, and the Court could consider it only as an entire proposition, and if one part of the leave asked was erroneous and not proper to be

Eschbach *vs.* Bayley.

granted, it was the right, as it was the duty of the Court to reject the whole.   It was not for the Court to segregate the proposition—to reject a part and grant a part—it was not for the Court to say we refuse the leave to interpose the plea in abatement, and grant leave to file a plea of set-off and an account in bar.

This would have been doing what the Court was clearly not bound to do, even if it had the power and right to do so. Was there error in the Court in rejecting the application of the defendants thus made?   We think not.   It appears from the record that at the time the writ issued from the Superior Court of Baltimore city, the declaration of the plaintiff was filed, this was on the 10th day of December, 1862, that the case was continued under a general imparlance until the second Monday in May, 1863, at which time, the defendants appeared by counsel and filed two pleas in bar to the action. This was a waiver on the part of the defendants of all abateable matter and they could not afterwards be permitted to interpose such a plea.   We think it well settled that a plea in abatement cannot be received after a general imparlance, and equally as well settled that such a plea cannot be pleaded after a plea in bar, unless the matter in abatement has arisen since the filing of the plea in bar, and then only when it is done at the first opportunity that offers after such matter has arisen.    See the case of *Chapman's Adm'r vs. Davis, Ex'rx, and the cases there cited,* 4 *Gill,* 166.

We think there was no error in the Circuit Court, in rejecting the application of the defendants, and the judgment must therefore be affirmed.

*Judgment affirmed.*

(Decided 16th April, 1868.)

BARTOL, C. J., and ROBINSON, J., dissented.