JOHN THOMAS YOUNG and MARY A. YOUNG, Administrators of DAVID YOUNG, *vs.* THE CITIZENS' BANK OF BALTIMORE.

*A Motion to abate a Suit after a General imparlance and Pleas in bar, will not Prevail.*

The return of *mortuus est* was made to a summons against a defendant at the April Term, 1864, of the Circuit Court for Prince George's County; at the same term the appearance of the administrators of the deceased by attorney was entered, and they had leave to imparl to the following November Term, as also to the April and November Terms of 1865; at the latter term the administrators appeared by an additional attorney and pleaded *plene administravit*, and obtained leave to amend, and thereunder proceeded to file additional pleas in bar. The cause was continued until November Term, 1866, when the defendants moved to strike out their appearance and all the other entries in the case and to abate the suit, first, because the original writ was issued against a party when he was dead, and secondly, because the appearance of the administrators by attorney was improperly entered. HELD:

That the reasons assigned were insufficient to sustain the motion, and it was properly overruled.

APPEAL from the Circuit Court for Prince George's County.

The suit in this case was instituted on the 10th of March, 1864, by the appellee against David Young, the intestate of the appellants, to recover on a draft, dated 19th August, 1860, drawn by him on J. Townshend & Co., for $897.44, payable four months after date, to the order of James S. Morsell, Jr., and by him endorsed to the appellee. The summons was returned to the following April Term of the Court endorsed "*mortuus est.*" David Young was dead at the time the summons issued against him, and letters of administration on his estate had been granted by the Orphans' Court of Prince George's County to the appellants more than two years previously. Other facts in the case needful to an understanding of the prin-

ciples decided will be found sufficiently disclosed in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT and ROBINSON, J.

*Thomas F. Bowie,* for the appellants.

*Daniel Clarke* and *Peter W. Crain,* for the appellee.

STEWART, J., delivered the opinion of the Court.

The motion of the appellants to abate the suit, and all the proceedings, was made at the November Term, 1866, of the Court below. From the refusal of which motion, this appeal has been taken.

To sustain their motion, the appellants assigned two reasons:

1st. Because the original writ issued against David Young when he was dead.

2d. Because the appearance of the appellants as the administrators, by attorney, was improperly entered.

The record shows that the Sheriff's return of *mortuus est* was made at the April Term of the Court, in the year 1864, at which term, the appearance of the appellants by attorney was entered, and they had leave to imparl to the following November Term, and like leave to the April and November Terms, 1865. At the November Term, 1865, the appellants appeared by an additional attorney, and then by both attorneys, filed the plea of *plene administravit,* and took leave to amend, and proceeded under the leave to file additional pleas in bar. The case was then continued until the November Term, 1866, when the motion now in question was interposed.

From the proceedings thus disclosed by the record, it is manifest, that after the appearance of the appellants by attorney, they had the benefit of the successive imparl-

ances,—they filed the plea of *plene administravit* by two attorneys,—they had leave to amend, and filed additional pleas in bar.

If there had been error in the original process affording matter for plea in abatement, or if the first appearance of the appellants by attorney were unauthorized, there was certainly ample opportunity afforded to have had the same corrected at an earlier stage of the proceedings.

There is nothing in the record before us to show that the appearance by the second attorney, and the pleadings by the two attorneys were improvident and unauthorized.

After the imparlance and the plea in bar, with the leave to amend, and the filing of additional pleas in bar, the appellants cannot be permitted, upon any sound rule or principle of practice, to have the suit abated for either of the reasons assigned.

Such an indulgence would be utterly inconsistent with all the well-established safeguards governing the progress of a suit.

" A plea in abatement cannot be put in after a general imparlance, nor can it be pleaded after a plea in bar, unless the matter has arisen since the plea in bar; in which case it may, provided it be done the first opportunity that is presented; for a plea in bar waives only matter in abatement then existing." *Chapman's Adm'r vs. Davis' Exc'r,* 4 *Gill,* 176; *Eschbach vs. Bayley,* 28 *Md.,* 492.

Parties interested in judicial proceedings must exercise due vigilance, and take the earliest steps to avoid the effect of irregularity, otherwise they virtually waive the same and are concluded.

" It is the universal practice of the Courts, that the application to set aside proceedings for irregularity should be made as early as possible, or, as it is said in the first instance—if the party overlook it, and take subsequent steps in the cause, he cannot afterwards revert back and object to it." *Tidd's Practice,* 182.

Young *vs.* Citizens' Bank of Baltimore.

This rule applies throughout the entire proceedings.

There were *laches* on the part of the appellants in permitting the imparlances, pleas in bar, and appearance by additional attorney, without presenting their motion for abatement.

There was no allegation that any fraud had been perpetrated upon them, nor does it appear that ordinary diligence might not have disclosed to them the error of which they complain much earlier in the series of proceedings, if they deemed it material to their interests to have the same corrected.

There was no irregularity apparent from the record, and if any existed *dehors*, to be shown by evidence *aliunde*, it was the duty of the appellants to have brought it to the notice of the Court by proper motion in due time.

No legal deduction could be drawn from the Sheriff's return of *mortuus est*, whether the death of the original defendant had occurred before or after the impetration of the writ.

The fact of a suit having been improvidently brought against a party, dead at the time of its institution, or the Sheriff's return of *mortuus est* is not *per se* any reason why the appellants should not be concluded by their own acts subsequent thereto.

The appellants as administrators, could appear in person or by attorney, and adopt the suit as their own, and both the parties litigant would be bound by the waiver, and acquiescence in the proceeding as it would thus stand.

Where the appellants did in fact, appear by attorney, and imparled, filed pleas in bar, and asked leave to amend their pleadings, they certainly took upon themselves the defence of the suit, and became legal and accepted defendants in the case.

So far as the party dead was concerned, the suit, as by him, was in effect terminated.

By the subsequent proceedings, the appellants became the only recognized defendants, and could in no respect be affected by irregularity in the original process.

By the common law, the death of a *sole* party, plaintiff or defendant, would abate the suit, but by our statute, the return of the Sheriff that the party defendant is dead, does not necessarily abate the suit, but his representatives can be made parties by voluntary appearance, or otherwise; and the suit regularly proceed against them.

By the Code, Art. 2, provision is made against the abatement of suits by the death or non-appearance of the parties; and by 39th section of 75th Art., it is provided that, "where a party to a suit dies, and new parties are made or to be made, the Court may continue the case so long as may be deemed necessary for the due administration of justice, not exceeding the end of the fourth Court, after the death is suggested, unless by consent of parties."

As this case originally stood upon the docket, the Sheriff's return of *mortuus est*, would have operated ultimately to have abated the suit after the fourth succeeding term, if not continued by the appearance of other parties, and, in the absence of some motion to that effect, would have accomplished all the appellants claim, under the motion now in question.

The appearance of the appellants, and the proceedings consequent thereon, have alone prevented this result.

Upon their motion, in this condition of the suit, to abate not only the original writ, but all the subsequent proceedings of the appellants and appellees, to enable the appellants to reach the same conclusion, would, in fact, assist them to take advantage of their own *laches*.

If the clerk committed an error which might have been corrected by proper motion, made in due time, and the parties affected thereby, in the conduct of the pending suit, neglected to have the correction made, but suffered

the trial to proceed, they waived the error, so far at least as it affected the progress of that suit.

We think the Court below very properly refused the motion.

*Judgment affirmed.*

(Decided 16th June, 1869.)