ISAAC LEE WEBSTER *vs.* ANDREW BYRNES.

*Plea in Abatement—Statute of Limitations—Mutual Accounts.*

A plea in abatement will not be allowed after a general imparlance and issue joined.

While the operation of the Statute of Limitations is prevented by the running of mutual accounts, if some of the items be within the period of limitation, the accounts to have such effect, must appear to be open and current, and show a receprocity of dealing. Mere payments on account, made by one party for which credit is given by the other, will not constitute mutual accounts.

APPEAL from the Circuit Court for Anne Arundel County.

. This was an action of *assumpsit* brought by the appellee to recover the balance of an account alleged to be due him by the appellant. The defendant pleaded three pleas—1st, that he never was indebted; 2d, that he did not promise as alleged; and 3d, set-off, and filed àn account in bar.

The plaintiff took issue on the first and second pleas, and to the third plea replied—1st, that he never was indebted as alleged; 2d, that he never promised as alleged; and 3d, that the alleged set-off did not accrue within three years before the plea pleaded.

The defendant joined issue on the plaintiff's first and second replications to his pleas, and to the third, rejoined that the matters pleaded in set-off by the defendant, did accrue within three years before plea pleaded.

*First Exception:* The defendant, after the issues were joined, and before the jury was sworn, moved the Court to allow him to amend his pleadings, in order to plead that he was sued by the wrong name, stating the error and making affidavit thereto. This motion the Court refused, and the defendant excepted.

*Second Exception:* The plaintiff offered an account against the defendant for $113.74, balance due for certain manure,

and proved it by his own testimony; the account being in the hand-writing of the defendant.   Whereupon the defendant offered in evidence proof by himself of sundry dealings, consisting of other purchases of manure, between himself and the plaintiff prior to the date of the paper offered in evidence by the plaintiff, whereon he had made various payments; and then assigned as another payment Dr. Robinson's note for $126.59, to the plaintiff, in consideration of which the plaintiff, as the defendant understood, agreed to pay off a balance due to the plaintiff by the defendant, with a part of the said note, and the residue of the note to receive in part payment of the hundred and fifty loads of manure mentioned in the paper offered in evidence by the plaintiff, to be delivered by him to the defendant; and further offered in evidence proof that in the years 1859 and 1860, he paid to the plaintiff various sums of money, on account of their dealings in manure, amounting to about $400; a cord of wood at $3.50; and the note aforesaid of Dr. Robinson's for $126.59.

The defendant then offered the following prayers:

1st. If the jury find from the evidence, that at the time when the defendant gave to the plaintiff the memorandum in writing of the one hundred and fifty loads of manure in evidence, there was an open unsettled account between the plaintiff and the defendant, for other manures furnished that year and before, by the plaintiff to the defendant, on which the defendant had made payments in money and other things, on which account there was a balance admitted by the plaintiff to be then due to the defendant, then the jury may deduct such balance from the charge for the hundred and fifty loads of manure, notwithstanding the plaintiff's plea of limitations.

2d. If the jury find from the evidence, such an open account between the plaintiff and the defendant of their dealings in 1860, as is stated in the former prayer, and further find that in 1863, the defendant paid thereon to the plaintiff fifty dollars in money and seventy dollars for the value of a horse sold to the plaintiff by the defendant, then

the plaintiff is entitled to recover only the balance of such account, after deducting these payments, notwithstanding the plaintiff's plea of the Statute of Limitations.

3d. If the jury find from the evidence, that the defendant paid to the plaintiff the sum of $400 in money, and sold and delivered to him the wood at the price mentioned in the evidence, and assigned to the plaintiff the note of Dr. Robinson for $126.59, in payment of a running account between the defendant and plaintiff, before the sale and delivery of the one hundred and fifty loads of manure sued for in this action, and thereafter paid the sum of $50 dollars in money, and $70 for the value of a horse sold the plaintiff by the defendant in payment, and shall further find that the running account aforesaid was unsettled between the plaintiff and defendant, and that at the time the note of Dr. Robinson was assigned to the plaintiff, the plaintiff agreed with the defendant that any balance due by the plaintiff to the defendant, should be applied to the defendant's credit in the purchase of the one hundred and fifty loads of manure aforesaid, then the defendant is entitled to the credit of the amount of such balance on this suit, together with the sum of $50 paid in money, and the sum of $70 for the value of the horse aforesaid, offered in evidence, unless the jury find from the evidence, that such payments made up to the time, and with Dr. Robinson's note, were only equal to the plaintiff's demand, the jury may find for the defendant.

4th. If the jury shall find from the evidence, that the defendant paid the plaintiff, in the years 1859 and 1860, in money, in sums of $400, and $50, and $70, and a cord of wood, at the price of $3.50, and the note of Dr. Robinson, amounting to $126.59, on the accounts between them, then unless the jury shall find that the debts proved by the plaintiff in this action exceed such payments, that the plaintiff is not entitled to recover, notwithstanding the plea of the Statute of Limitations.

The Court rejected these prayers, and the verdict and judgment being for the plaintiff, the defendant appealed.

The cause was argued before BARTOL, C. J., STEWART, MAULSBY and ALVEY, J.

*Alexander Randall,* for the appellant.

*J. Shaaff Stockett,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

The counsel for the appellant did not, as we understood him, insist on the first exception. That the appellant had no right to amend so as to plead in abatement, at the stage of the cause when the motion for leave was made, is too clear for question; the cases of *Chapman vs. Davis,* 4 *Gill,* 166, and *Eschbach vs. Bayley,* 28 *Md.,* 492, being conclusive against it. That exception, therefore, might well be abandoned.

The second exception taken to the refusal to grant prayers on the part of the appellant, presents a question equally free from difficulty as the first.

The action was brought on the 17th of October, 1866, to recover of the appellant the balance of an account alleged to be due the appellee. The account was contracted in May, 1860, and was for $187.50. Subsequently two credits were given on the account, the one on the 4th of September, 1863, and the other on the 24th of September, 1864, which, on the day of the last credit, reduced the account to $113.74, being the balance sued for. The verdict was for $134,91, being the amount of such balance, with interest thereon to the time of verdict.

The appellant pleaded, as set-off, an account which accrued in 1859, and was for, and in respect of, distinct dealings between the parties from those in respect of which the appellee's account accrued. The Statute of Limitations was not relied on as a defence to the claim of the appellee, but it was pleaded and relied on as an answer to the account in bar of the appellant. And it is now contended that these accounts, though accruing at different times, and in respect to distinct dealings and transactions, constitute mutual accounts, and

because the statute was not pleaded, or was not pleadable, so as to bar the claim of the appellee, it should not apply to the claim of the appellant; and it is in reference to such theory that the first, third and fourth prayers of the appellant are attempted to be supported.

That a demand barred by the statute cannot be made available as set-off, if properly resisted, on the ground of such bar, is clear. But, while this is admitted, it is contended that the accounts produced in this case by the respective parties were mutual, and that, as the credit items in the account of the appellee were entered of a date within the period of limitation, both accounts were thereby withdrawn from the operation of the statute. But it is very clear that these accounts were not mutual, in the sense of the authorities which maintain that the operation of the statute is prevented by the running of mutual accounts, if some of the items be within the period of limitation. To make such accounts mutual, they should appear to be open and current, and show a reciprocity of dealing. Mere payments on account, made by one party, for which credit is given by the other, will not constitute mutual accounts. *Ingraham vs. Sherard,* 17 *Sergt. & Rawle,* 347. And that was the character of the dealing in this case. The two credits, the one of $70, and the other of $50, sought to be availed of by the appellant to relieve his account from the bar of the statute, were mere payments on the appellee's account; and they could not be added as items of charge in the appellant's previous account, in order to take it out of the operation of the statute. The Court below was, therefore, clearly right in rejecting the appellant's first, third and fourth prayers.

As to the second prayer, also rejected, the object of which was to secure to the appellant the benefit of the two credits in the appellee's account, already referred to, it is manifest, by comparing the amount of the verdict rendered with the amount claimed by the appellee, with the interest added, that the appellant was allowed the benefit of such credits. It is cer-

tainly not to be presumed that the appellee was allowed by the jury more than he claimed. The appellant was not, therefore, prejudiced by the Court's refusal to grant his second prayer. The judgment must be affirmed.

*Judgment affirmed.*

(Decided 3d February, 1870.)