DANIEL M. SPROGLE vs. JAMES W. ALLEN.

*Statute of Limitations—Mutual accounts.*

In an action on an open account the defendant pleaded set-off; to this plea the plaintiff replied the Statute of Limitations. From the evidence in the case it appeared that there were mutual accounts current between the parties; that of the plaintiff began in January, 1866, and continued through 1867 and 1868, and there were two items in October, 1869; that of the defendant began in 1867 and continued through 1868, and in 1869 there were two items, one in May and one in November, the last being within three years before the filing of the plea of set-off. HELD:

That the plaintiff was entitled to rely on the Statute of Limitations as a sufficient answer to the plea of set-off; that although there were open and mutual accounts between the parties, the fact that one item in the account of the defendant was within three years, did not withdraw the whole account from the operation of the Statute.

In this State, in order to remove the bar of the Statute of Limitations, there must be a new promise, or a distinct acknowledgment of a present subsisting debt or liability, from which a new promise will be inferred.

APPEAL from the Circuit Court for Anne Arundel County.

This was an action on open account, brought on the 12th of June, 1872 by the appellant against the appellee.

The defendant on the 31st of October, 1872, pleaded: 1st. Never promised. 2nd. Payment. 3rd. Set-off. The plaintiff joined issue on the first and second pleas; and to the third replied, never promised, never was indebted, and limitations, and issue was joined thereon.

*First Exception.*—The case having been submitted to the Court for trial upon the issues joined, without the intervention of a jury, the plaintiff to maintain the issues on his part offered in evidence his account against the defendant, and then gave evidence tending to prove its correctness, and then rested his case. The defendant then offered in evidence, under his plea of set-off, his account against the plaintiff, and then offered to prove by himself that there had been open, running and mutual accounts between himself and the plaintiff for many years before, and during the periods embraced in the two accounts offered in evidence; and that the several items in his account were correct; and that the several articles therein charged were sold and delivered to the plaintiff at the respective dates and prices there specified. The plaintiff objected to the admissibility in evidence of the account of the defendant, and the proof offered in its support, but the Court, (MILLER, J.,) overruled the objection and received the evidence and account so offered. To this ruling the plaintiff excepted.

*Second Exception.*—The plaintiff offered the following prayer: "That if the Court believed that the articles mentioned in the account of the plaintiff against the defendant were furnished and delivered to the defendant by the plaintiff, then the Court should find for the plaintiff; and that the defendant should not be allowed, under his plea of set-off, for any of the items claimed by him in his account against the plaintiff, except such items therein as were sold and delivered to the plaintiff within three years prior to the 31st day of October, 1872."

This prayer the Court refused to grant, being of opinion that the defendant should be allowed the whole of said account in discount of the plaintiff's claim. The plaintiff excepted. Judgment having been entered for the defendant, the plaintiff appealed.

The cause was argued before BARTOL, C. J., BOWIE, GRASON and ROBINSON, J.

*Ferdinand Mullan* and *James H. Hodges,* for the appellant.

· Objection was raised to the admissibility of evidence, and it was the duty of the Court to consider the pleadings. *Dorsey vs. Dashiell,* 1 *Md.,* 207; *Marshall vs. Haney,* 9 *Gill,* 258; *Owings vs. Jones,* 9 *Md.,* 116.

When a set-off is regularly pleaded under the Statute, the plea partakes directly of a declaration, and any matter may be relied upon which would be a good plea if it were a declaration. *Evans' Practice,* 189.

That which is relied upon to defeat the Statute of Limitations, must be pleaded in bar to its operation, and it is not admissible in evidence for that purpose, unless put in issue by the pleadings. *Green's Exr. vs. Johnson,* 3 *G. & J.,* 393.

The same principle applies here as in the exception in the Statute of Limitations, in regard to accounts between merchant and merchant concerning trade. *Union Bank of Georgetown vs. Planters' Bank of P. G. County,* 9 *G. & J.,* 439; *The Farmers' and Mechanics' Bank of Georgetown vs. The Planters' Bank of P. G. County,* 10 *G. & J.,* 422.

Independent of the admissibility of the testimony, the prayer of the plaintiff below should have been granted. The principle laid down in *Catling vs. Skoulding,* 6 *Term R.,* 109, does not apply in this State under our Statute of Limitations.

---

---

*S. Thos. McCullough*, for the appellee.

The Court was right in admitting in evidence the account of the defendant, and the proof offered in support of the same. *Angell on Limitations*, ch. *XIV.*, sec. 4; *Ex parte Seaber*, 1 *Deacon R.*, 551; *Cogswell vs. Dolliver*, 2 *Mass.*, 217; *Davis vs. Smith*, 4 *Greenl.*, 339; *Budd vs. Brooke, et al.*, 3 *Gill*, 198.

The Court was right in allowing the whole of the said account of the defendant, in discount of the plaintiff's claim. *Angell on Limitations*, chap. *XIV.*, secs. 1, 2, 3, 4, 5, 6, 7, 8, and 9; *Angell on Limitations*, chap. *XV.*, secs. 3, 4, and 9; *Angell on Limitations*, chap. *IX.*, sec. 8; *Ord vs. Ruspini*, 2 *Esp.*, 569; *Cranch vs. Kirkman, Peake's Ca.*, 164; *Catling vs Skoulding*, 6 *Term R.*, 189; *Ex parte Seaber*, 1 *Deacon (Bankruptcy) R.*, 551; *Davis vs. Smith*, 4 *Greenl.*, 337; *Van Swearingen vs. Harris*, 1 *Watts & Serg.*, 356; *Cogswell vs. Dolliver*, 2 *Mass.*, 217; *Webster vs. Byrnes*, 32 *Md*, 86; *Coster vs. Murray*, 5 *Johnson's Ch. R.*, 522.

BARTOL, C. J., delivered the opinion of the Court.

The material question in this case arises upon the rejection by the Court below, of the appellant's prayer, which asked the Court to disallow all the items of account filed by the appellee under his plea of set off, except such as were within three years before the filing of the plea. It appears from the evidence, that there were mutual accounts current between the parties; that of the plaintiff began in January, 1866, and continued through 1867 and 1868, there being two items in October, 1869; that of the defendant began in December, 1867, and continued through 1868; and in 1869 there are two items, one in May, and one in November, the last being within three years before the filing of the plea of set off. To that plea the plaintiff replied the Statute of Limitations, which he had a right to do, set off being in the nature of a cross-action. *Remington vs. Stevens*, 2

*Strange,* 1271; *Alsop vs. Nichols,* 9 *Con.,* 357; *Webster vs. Byrnes,* 32 *Md.,* 86, *and cases cited in Evans' Practice,* 189.

The question is whether under the facts of this case, the plaintiff is entitled to rely on the Statute as a good answer to the plea; and this depends upon the effect of there being mutual accounts current between the parties. It is not pretended that the case comes within the exception in the Act of Limitations in favor of "accounts concerning the trade or merchandise, between merchant and merchant, etc." (*Code, Art.* 57, *sec.* 1.) But it is contended that there being open and mutual accounts between the parties, and one item of the appellee's account being within three years, the whole account is withdrawn from the operation of the Statute.

The leading cases to which we have been referred, in support of this position are *Cranch vs. Kirkman, Peake's Cases,* 164, and *Catling vs. Skoulding,* 6 *Term R.,* 189. The former was a case at *nisi prius* decided by Lord Kenyon, and was put on the ground, that the case came within the equity of the exception in the Statute; for though the accounts were not between merchant and merchant, yet, being mutual and reciprocal demands, and some of the items on both sides being within the period of limitation, it was held to be within the exception.

Afterwards the case of *Catling vs. Skoulding,* came before the King's Bench (in 1795,) and was decided on different grounds. Lord Kenyon, C. J., said, "I take it to have been clearly settled, as long as I have any memory of the practice of the Courts, that every new item and credit in an account given by one party to the other, is an admission of there being some unsettled account between them, the amount of which is to be afterwards ascertained; and any act which the jury may consider as an acknowledgment of its being an open account is sufficient to take the case out of the Statute."

The decision in *Catling vs. Skoulding*, has been followed in this country in a great number of cases, which will be found collected in *Angell on Limitations*, 132, *note* 3. Judge PARSONS, in his work on *Contracts, vol. 3, pp.* 71, 72, 73, (*note d;*) in speaking of *Catling vs. Skoulding*, says, "Perhaps this decision is consistent with the views then prevailing in respect to new promises and acknowledgments: but it is submitted that it cannot be sustained on principle, since the decision of *Tanner vs. Smart*, in England, (6 *B. & C.*, 609,) and *Bell vs. Morrison* in this country, (1 *Peters*, 360);" and while the learned author states in the same note, that the main current of American decisions is still in accordance with *Catling vs. Skoulding*, he says, (in his text) "we think these decisions are inconsistent with the views which now prevail in regard to. new promises and acknowledgments, and we doubt whether they will be followed in any jurisdiction where the question is still open. It has been distinctly repudiated in *Blair vs. Drew*, 6 *N. H.*, 235 ; *Livermore vs. Rand*, 6 *Foster*, 85, and in Kentucky in *Lansdale vs. Brashear*, 3 *T. B. Mon.*, 330 ; *Smith vs. Dawson*, 10 *B. Mon.*, 112, and in Tennessee in *Craighead vs. The Bank*, &c., 7 *Yerg.*, 399.

In Maryland the question is a new one. and looking at the reasons upon which the decision of *Catling vs. Skoulding* was based, we should hesitate to adopt it as the law of this State. According to the uniform course of decisions here it has been held that, in order to remove the bar of the Statute, there must be a new promise, or a distinct acknowledgment of a present subsisting debt or liability, from which a new promise will be inferred. *Oliver vs. Gray*, 1 *H. & G.*, 204; *Beltzhoover vs. Yewell*, 11 *G. & J.*, 212. We refer also to *Buffington vs. Davis*, 33 *Md.*, 511, and cases cited in the opinion of the Court, page 514.

These decisions are altogether inconsistent with the ruling in *Catling vs. Skoulding,* and the reasoning on which it was based.

In *Beltzhoover vs. Yewell,* 11 *G. & J.,* 216, it was held, that "an acknowledgment, to take a debt out of the Statute of Limitations, if not made in express terms, must be evinced by facts, satisfactorily showing the admission of the debtor that the debt had not been paid."

In that case an attempt was made to remove the bar of the Statute by showing that payments had been made on the account, which was the cause of action ; but the Court held that "to revive the items of an open account which are barred by the Statute, by a payment in part or payment on account, it is necessary it should appear *that the payment was made on those items, and that the debtor with full knowledge of the charges barred by the Statute, made the payment recognizing their validity.*"

After referring to the course of decisions in Maryland, it seems to be unnecessary to enter into extended argument to show that they are inconsistent with the doctrines in *Catling vs. Skoulding.*

These have been reviewed with great ability by Chief Justice PARKER in *Blair vs. Drew,* 6 *N. H.,* 235, and by KENNEDY, J., in his dissenting opinion in *Van Swearingen vs. Harris* and *Thomson vs. Hopper,* 1 *W. & S.,* 468 ; to which we refer for a clear and forcible expression of the reasons upon which we dissent from the decision in *Catling vs. Skoulding.*

We have said the question is a new one in Maryland, presented for decision for the first time in the Court of Appeals.

Some reference was made to the effect of mutual accounts between parties in *Webster vs. Byrnes,* 32 *Md.,* 86. It was held that the case was one to which the rule, there contended for on the part of the appellant (Webster,) could have no possible application ; it being an

account on one side only. But the Court did not decide the question here presented; this did not arise in that case.

The Court refer to the rules supposed to be applicable to a case of mutual accounts, as contended for by counsel; but without recognizing it as correct, simply decide that it could have no application to the case. In this respect the note of the reporter is not quite accurate and does not correctly express the judgment of the Court.

After a careful consideraton of the question, we are all of opinion that the judgment below ought to be reversed, and a new trial ordered.

*Judgment reversed and*
*new trial ordered.*

(Decided 2nd July, 1873.)