Mr. Justice Merrick
delivered the opinion of the Court:
The action in this instance was brought by an indorsee of the executors of the payee upon a joint and several promissory note, alleged to bear date of July 1, 1861, payable in twelve months, and signed by the defendant as one of the makers. The note has several memoranda upon it purporting to be credits for payments at various intervals, the first seeming to have been made subsequent to the first of July, 1870, the latest dated October 15,1879, and all in the hand *31 writing of the deceased payee. The plaintiff offered these for the purpose of removing the bar of the Statute of Limitations. It appearing from an inspection of the paper that the earliest of these credits must have been made long after the Statute had ripened against the claim, that they were all entries in support of the interest of the party making them, and were not entries made in due course of business against his interest, the Court was manifestly right in refusing to admit the entries for the purpose of removing the bar of the Statute, as could have been done if they had been made at a period when the note was operative, or if the first had been made within three years after the note’s maturity, and the others at seasonable intervals thereafter. After the rejection of the entries the plaintiff proved that on the day the suit was brought, October 14, 1882, early in the morning, the plaintiff called upon the defendant at his house and asked for payment of the note, and the defendant answered; “ Mr. Soper I had thought to make a payment on that note» before this; I would pay you something on it to-day, but I am' not in funds. Call again; ” and also proved by Mr. Wheeler, one of the plaintiff’s counsel, that on the 11th of November, 1882, after suit brought, he visited the defendant, showed him the note: that defendant looked at the note, recognized and identified it, and said, “ It is all right, I will come down next Wednesday arid make a settlement.” Thereupon the Court instructed the jury that the plaintiff had offered no sufficient testimony to overcome the plea of limitations, and directed them to return a verdict for the defendant.
We are of opinion that the Court erred in this. The testimony was, in our judgment, competent to go to the jury and, if believed by them, either of the acknowledgments was sufficient to remove the bar of the Statute of Limitations.
In the case of Oliver vs. Gray, 1 Harr. & G., 204, the Court of Appeals make a number of resolutions which have been recognized ever since, in Maryland and in this District, as correct expositions of the law on the subject. Numerous *32 cases have reiterated the doctrine of that case, among which may be cited Knight vs. House, 29 Md., 194; Buffington vs. Davis, 3 Md., 511; Sprogle vs. Allen, 38 Md., 331, and Bell vs. Morrison, 1 Pet., 362, harmonizes with them all.
The first resolution in Oliver vs. Gray is that “ The suit is to be brought upon the.original cause of action, and not on the new promise or acknowledgment, which only has effect to restore the remedy.”
The third is “ an acknowledgment, to take the case out of the Act of Limitations, must be of a present subsisting debt, unaccompanied by any qualification or declaration, which, if true, would exempt the defendant from a moral obligation to pay.”
The seventh is that “ The acknowledgment is sufficient if I it be after the bringing of the suit,” and citing Yea vs. \Pouraker, 2 Burr., 1099, where the same point is explicitly decided.
The ninth is that “ The acknowledgment need not be made to the plaintiff himself, but may be made to anybody else.”
Tried by these standards this Court is of opinion that the acknowledgments of October 14 and November 11, 1882, fulfill the required conditions.
They are both explicit acknowledgments of an existing debt due upon the promissory note, and one of them made with the note before him; and there is no qualification or declaration accompanying either which would exempt the defendant from a moral obligation to pay the debt. The only qualification to the first was that he had no funds at the moment, but that was coupled with an invitation to call again. Call for what ? Unquestionably to receive the payment which the suddenness of the occasion alone prevented him from making on the instant. The second was equally explicit; with the note before him, recognized and identified, the defendant said: “ It is all right. I will come down next Wednesday and make a settlement.” It does not seem *33 to us that the assurance that he would come down the next Wednesday and make a settlement can by any fair construction be construed to mean anything else than that he would come down and pay what was due on the note. He said “ It is all right.” Then a statement that he would settle what he said was “ all right,” could not be construed as an assertion that any part of the demand was in doubt or controversy. Had there fceen any suggestion of a set-off, or an account in bar in the course of the conversation, then the promise to make a settlement might not have been an acknowledgment that anything was due to the plaintiff, but such a doubtful import cannot be ascribed to the phrase, “ I will come down next Wednesday and make a settlement ” of that which is all right. In common parlance a promise to settle an account which is free from dispute is a promise to pay it, and nothing more or less.
Without further reasoning or illustration it seems to us that the judgment of the Circuit must be reversed, for the refusal of the judge to permit the evidence to go to the jury.

Judgment reversed and new trial ordered.