Mr. Justice Morris
delivered the opinion of the Court:
The appellant’s position is: 1st. That the plaintiff is not entitled to recover, because the notes were made payable to the order of the plaintiff, and not to the plaintiff, and are so described in the declaration; 2d. That no breach of the con *118 tract is alleged, inasmuch as it is not alleged that the plaintiff had indorsed the notes; 3d. That the plaintiff was not entitled to interest upon the notes; 4th. That the plaintiff’s affidavit was insufficient to justify a judgment under the 73d rule; 5th. That the appellant’s affidavit of defense sufficiently stated a failure of consideration for the notes in suit, and a sufficient set-off to defeat the plaintiff’s demand, at least in part.
An able and ingenious argument has been submitted on behalf of the appellant to sustain his first and second point. Without attempting to follow counsel in this argument, it must suffice for us to say that we have not been persuaded by it. We regard it as well settled law that a promissory note payable to the order of a particular person is the equiva *119 lent of a note payable to him or his order; and that he can sue upon it without alleging indorsement by him, and without special averment that he is the holder and owner of it. Smith v. M’ Clure, 5 East, 476; Harvey v. Cane, 34 L. T., N. S., 64; Howard v. Palmer, 64 Me., 86; Story on Bills, Sec. 56. This being so, the declaration in the present case is the equivalent of a statement that the notes were made to the plaintiff or his order; and such a statement is sufficient to support a judgment in favor of the plaintiff.
We are not disposed to regard the appellant’s contention in reference to the interest as any' better founded than the argument based upon the form of the notes. The notes, it seems, were drawn upon a printed form. After the line for the statement of the amount, there was a blank line with the word “at" in the beginning of it, evidently intended for the place of the payment of the note, if any such should be designated; and thereafter followed a line with the words “ value received, with interest at — per cent, per annum." The words “with interest at — per cent, per annum” were ..stricken out from the notes as executed, by having a line drawn across them; and in the previous line, after the word “ at,” were inserted the words “ 6 per centIt is claimed that these words, “ at 6 per cent.,” are ambiguous, and that the determination of their meaning should be left to a jury. It is not denied that they were in the notes when they were delivered.
In negotiable paper, as well as in other instruments of writing, various abbreviations have become customary, and are undoubtedly allowable. Dates are very generally abbreviated. Names of places occasionally are shortened. “ Company” is almost universally written "Co.” Figures are sometimes substituted in the body of a note for the words denoting value; for fractions of a dollar almost invariably so. A figure is often inserted instead of the corresponding word when the rate of interest is mentioned. The words “per annum” are often omitted, and it is very rare indeed that the word “ centum ” is written out in full. These ab *120 breviations and omissions are very well understood; no one is deceived or misled by them. They are universally recognized; and no two persons would read them differently. While precision and certainty are eminently desirable in negotiable paper, and in all other instruments of writing that are intended to pass from man to man and to constitute either muniments of title or security for money, it should be the effort of courts to give‘the effect to such terms in them as those terms are plainly intended to have. No reasonable man can doubt for a moment that, by the insertion of these words “ ató per cent!' in these notes, it was the intention, of the parties to provide for the payment of interest upon them' at the rate of six per centum per annum from their date. And if the notes had |aeen submitted'to a jury upon the statements contained in this record, and the jury had held differently, it would have been the duty of the court promptly to disregard their verdict. We do not think that the judgment of the court below ought to be disturbed on this ground.
The sufficiency of the plaintiff’s affidavit is questioned. We regard the affidavit as full and complete, and amply sufficient under the rule to justify a judgment in favor of the plaintiff, in ¿he absence of any adequate defense; and we find nothing in the argument of the counsel for the appellant on this point to warrant any different conclusion.
But the failure of consideration, and the set-off pleaded by the appellant in defense of the suit are entitled to more consideration from us. Failure of consideration is, of course, a good defense as against the payee in a promissory note; and a proper set-off is always, under existing law, properly pleadable in bar of a plaintiff’s demand. But to have their due effect, these defenses must be distinctly stated. An affidavit ofi defense should set forth facts which, if true, would be sufficient to defeat the plaintiff’s action, in whole or in part. It need not state these facts' in detail, nor need it state the proof of them. But sufficient facts must be stated to enable the court to see that, if true, they would constitute- *121 a good defense. It is not enough for a defendant to say that he has a good defense, without exhibiting the grounds of it; nor is a vague general allegation sufficient without any specification of statement. Tested by these principles, the defendant’s affidavit is wholly insufficient. The defense set up in it is, 1st. That the notes in suit had been given, upon the dissolution of the partnership that had been in existence between the plaintiff and the defendant, in consideration of the conveyance by the plaintiff of his interest in the business to the defendant and of the plaintiff’s afterwards refraining from conducting such a business in the said territory; and that the plaintiff, after the dissolution and before the maturity of the notes, conducted such a business within said territory; and, 2d. That the defendant on and before September 25, 1890, had lent the complainant three hundred dollars. It is not stated either in the plea or in the affidavit what business it was that the plaintiff carried on in apparent violation of his agreement, or where or how he carried it on, or the extent of it. It is not even expressly stated that there was any agreement to refrain from such business. The statement is most extraordinarily vague and indefinite, when the facts, whatever they were, must have been well known to the defendant, and could have been easily stated by him.
Nor is the plea of set-off, as made here, an adequate defense. Besides the apparent incongruity of leaving the alleged loan of three hundred dollars outstanding and unsettled, when the notes in suit were given and there was a proper occasion for a general settlement of account between the parties, of which there is no attempt to explain their failure to avail themselves, the set-off on its face is barred by the statute of limitations; and while it might be that the plaintiff might not take advantage of the statute in reply to the plea, yet in proceedings under the 73d rule of the Supreme Court of the District of Columbia, it is not sufficient as a defense to show that a claim of set-off once existed; it must appear to be a valid subsisting claim; and it must so appear by- *122 proper allegations of fact. Otherwise, any attempt to take advantage of the 73d rule might be defeated by a defendant, if there ever at any time had been transactions between himself and the plaintiff resulting in the temporary indebtedness -of the plaintiff to him, notwithstanding that such indebtedness might long since have been satisfied. For if the plaintiff replies to the defendant’s plea, he must be assumed to abandon his right to summary judgment; and if the defendant can compel him to reply to such a plea, then it is in the power of any defendant, by suppressing part of the truth, to defeat the useful purpose for' which the rule was enacted. We cannot give our sanction to a practice that would have that result.
It is very true that in the present case the defendant says in his plea that “ the plaintiff at the commencement of this suit was and still is indebted to the defendant for money loaned in the sum of three hundred dollars.” And such may well have been the fact, if there was such a loan and the money was never repaid. But this does not constitute a subsisting legal liability, without the intervention of something to take the case out of the operation of the statute, in opposition at all events to the plaintiff’s right to the protection of that statute, if he chooses to avail himself of it, which he undoubtedly does in this instance in the only way in which, under the circumstances, he can avail himself of it, and at the same time have the benefit of the rule, and that is by moving for judgment.

On the whole case, we find no error in the judgment of the court below; and we therefore affirm that judgment, with costs.

In denying a petition for a rehearing, Mr. Justice Morris, for the court, May 24, 1894, said:
The appellant has filed in this cause a petition for rehearing on the ground that the decision of this court was based, in part at least, upon a mistake of fact, with reference to the application of the statute of limitations to the case.
*123 The suit was instituted by the appellee as plaintiff below on September 21. 1803. One of the defendant’s pleas, which were filed on November 7, 1893, was a plea of set-off for money claimed to have been lent by the defendant to the plaintiff to the amount of $300; and in the particulars of demand annexed to the pleas, it is stated that $50 of this sum were lent on May 13, 1890; $50 between May 13, 1890, and September 25, 1890, and $200 on September 25, 1890. The court in its opinion held that this claim of set-off was barred by the statute of limitations. The claim of the appellant in his petition for rehearing is that the sum of $200 of the amount of the set-off was lent within three years before the date of the institution of the suit; that while the defendant’s plea was not filed until after the lapse of three years from and after the time of the lending, yet the filing of his declaration by the plaintiff stopped the running of the statute against any claim that might-properly be pleaded as a .set-off against him, and that therefore the set-off, to the extent at least of the sum of $200, was not barred by the statute of limitations.
As we have already stated in the principal opinion in this ■case, it is. not at all apparent that the plea' of set-off and the affidavit of defense in support of it are set forth with the precision and clearness that would entitle them to consideration under the rules of the court in which the suit was instituted. On the contrary, they are remarkably deficient in precision-and clearness, and for the absence of explanation and even for the absence of statement that the money is due and payable by the plaintiff to the defendant, the affidavit of defense is not such an affidavit as is contemplated by the rule.
But discarding this objection, we proceed to consider how far in our opinion the appellant’s contention is well founded.
The argument is that the institution of an action in which a claim of set-off is pleaded stops the running of the statute ■of limitations against the claim of set-off, although otherwise the bar of the statute might have accrued before the date of *124 the filing of the plea. And in support of this position the authority is cited of Wood on Limitations, Secs. 281 and 282.
That excellent author, it is true, does state the rule to be as claimed by the appellant; and there are several cases cited by him which support the statement. But the rule has its qualification; and Mr. Wood does not ovérlook the qualification, which is that the set-off, in order- thus to have the benefit of the statute of limitations, as of the time of the filing of the suit by the plaintiff, must have some relation to the principal claim. It would be a rather -starfling proposition, that the institution of a suit by a plaintiff should have the effect, ipso facto, of arresting at once and for an indefinite period of time the running of the statute of limitations against any and all claims that the defendant might have ‘against the plaintiff, provided that they were afterwards at any time pleaded in such suit as a set-off. Under a statute like ours in which judgment is authorized to be rendered in favor of the person to whom the balance shall be found due upon consideration of the counter-claims of the parties, that would give a claim of set-off a longer period of limitations than the owner of it would be entitled to have in an independent suit. And, indeed, if the rule is correct to the extent claimed for it by the appellant, a plaintiff, in the institution of a suit at law, thereby always revives and gives new life to any and all claims that the defendant ever had against the plaintiff, no matter how long they may have been barred by the statute of limitations, if at any time such claims were a proper subject of set-off against the plaintiff’s claim. We cannot think that a proposition which would have this result can be correct. Set-off, it must be remembered, did not exist at common law, and is entirely founded upon statutory regulation. United States v. Eckford, 6 Wall., 484. And it is carefully to be distinguished from recoupment, which is a right existing at common law, and which arises when there are counter-claims accruing upon the same general contract. The theory of set-off, on the other hand, contemplates the *125 balancing against each other of separate, distinct and independent claims of the same general character, so as to avoid the necessity of separate suits upon them, and the further necessity of a recourse to a court of equity to compel the setting off of the judgments against each other, as was formerly the practice.
Now, wherever recoupment was proper, it would be most inequitable, especially in the • equitable action of assumpsit, to allow a plaintiff to recover, and yet to rule out a counterclaim of a defendant on a replication of the statute of limitations, when in the nature of things such counter-claim was a proper offset to the plaintiff’s demand, and all the claims arose out of one contract. So, also, when by agreement of the parties, the several counter-claims have been intended to be balanced against each other, although originally separate and independent, the same rule is applied. Thus, in the case of King v. King, 9 N. J. Eq., 44, in a suit upon a bond, a set-off was allowed of a board bill, the greater part of which was barrred by the statute of limitations, because there had been an agreement that the amount of it should be credited upon the bond. And a similar set-off was upheld under somewhat similar conditions in the cases of Smith v. Winter, 12 C. B., 487; Rawley v. Rawley, Law Rep., 1 Q. B. Div., 463; Ord v. Ruspini, 2 Esp., 569. It is very true that there are some.cases which seem to go farther than this, and to hold that, in all cases of set-off, the period of limitations is to be regarded as determined by the date of the institution of the suit, and not by the date of the filing of the plea or the bringing forward of the set-off. It was so held in the case of Walker v. Clements, 15 Q. B., 1046 (69 E. C. L.), where the reason assigned is that both the claims are in the nature of cross-suits instituted at the same time. But the reasoning in that case is very brief and unsatisfactory; and the decision is in direct opposition to the general current of authority in States more nearly related to us and upon statutes more analogous to our own.
Thus, in Pennsylvania, the rule adopted and uniformly *126 adhered to, is that the statute runs against the plaintiff until the issuing of his writ and against the defendant until the filing of his plea. M’ Clure v. M’ Clure, i Grant’s Cases, 222; King v. Coulter, 2 Grant’s Cases, 77; Gilmore v. Reed, 76 Pa. St., 462. Such also has been the invariable rule in Maryland. Webster v. Byrnes, 32 Md., 90; Sprogle v. Allen, 38 Md., 331. And in the latter State, as well as in this District, it has always been held, under creditor’s bills, that as to claims not exhibited until after bill filed, the period of limitations is not determined by the date of the filing of the bill, but the time when they are exhibited in the suit. Hall v. Creswell, 12 G. & J., 36; McDowell v. Goldsmith, 24 Md., 214.
It is not believed that the precise point now under consideration has ever been the subject of adjudication in any reported cases in this District, so far as we are advised. But it has been repeatedly held at nisi prius that the law is as here stated, and the form of replication always used in such cases is that the alleged set-off did not accrue within three years before the filing of the plea, contrary to what was ruled in the case of Walker v. Clements, supra. And the principle has been held, in the case of Johnston v. District of Columbia, 1 Mack., 427, wherein it was decided that “ the amendment of a declaration so as to state for the first time a cause of action, is equivalent to bringing a new suit as of the date of the amendment; and if the statutory period of limitations has elapsed the action will be barred, notwithstanding that the original declaration was filed within the statutory period.” This is in accordance, too, with the decisions of the Supreme Court of the United States in several cases. Sicard v. Davis, 6 Pet., 124; Holmes v. Trout, 7 Pet., 171 ; Miller v. McIntyre, 6 Pet., 61.
Plainly, under these decisions, it is not the institution of a suit, but the exhibiting of a cause of action, that determines the application of the statute of limitations, whether it be by amendment of the declaration, or bill of complaint, by addition of new and independent counts to a declaration, or by *127 the interposition of a counter-claim by way of a plea of set-off, which may of itself be the foundation of a substantial judgment for the defendant.
We do not think, therefore, that there was any error in our decision of this case; and the petition for a rehearing must accordingly be denied.