KEPLINGER *vs.* GRIFFITH,—*June,* 1830.

Where the agent of an endorsee, the holder of a promissory note, called upon the maker for the payment of the note, and the maker offered to pay the same in goods, which the agent declined receiving, having authority only to accept money, it is unnecessary in an action upon the note to prove either the hand writing of the maker or previous endorser ; as the offer to pay the agent, amounted to an admission that every thing had been done necessary to the endorser's right to receive the money; that there was no objection to his paying the note, and superseded the necessity of further proof.

In an action by the endorsee against the maker of a promissory note, negotiated before maturity, evidence that a few days before the institution of the suit, the witness spoke to the defendant on the subject of the note, when the defendant said he could not pay it, that the payee of the note had charged him too much, that some discount must be taken from the note, and that he must see the payee on the subject; that, however, he would think of it, and if witness would call at his store in a few days, he would say more about it ; that shortly after witness did call, when defendant said he was going to P, when he would see the payee, until then he could do nothing further, is a sufficient answer to the plea of limitations.

APPEAL from *Baltimore* County Court.

*Assumpsit,* by the holder, the second endorsee, against the maker of a promissory note, dated March the 10th,

1819, payable four months after date, for $188 87. The writ issued on the 31st of July, 1824. The declaration contained a count on the note, and for money had and received. The defendant pleaded—1st, *non assumpsit.* 2d, *non assumpsit infra lres annos*—and 3d, *actio non, &c.* to which issues were taken.

At the trial the plaintiff offered in evidence the following promissory note, with the several endorsements thereon. "$188 87½. Baltimore, March 10th, 1819. Four months after date, I promise to pay to *John Kiems,* or order, the sum of one hundred and eighty-eight dollars and eighty-seven cents, for value received. *Samuel Keplinger.*" (Endorsed) " Pay the contents to *C. E. Chevalier,* or order, *John Kiems.*" " Pay the contents to *Caleb Griffith,* or order, *C. E. Chevalier.*"

And further offered evidence that said note was forwarded to witness by the plaintiff, before it was at maturity, by whom it was placed in bank for collection. Said note, however, not being paid, witness afterwards called several times on defendant for payment, and was offered payment in goods, particularly steel watch chains, but witness having no authority to accept any thing in payment but money, declined taking them; the aforesaid transactions took place *before* the year 1821. Subsequently to this period, that is to say, a few days preceding the institution of this suit, the witness met the defendant in one of the streets of the city of *Baltimore,* and addressed him on the subject of the aforesaid note, when the defendant said he could not pay the said note; that *Mr. Chevalier* had charged him too much, and that some discount must be taken from the note, and that he must see *Mr. Chevalier* on the subject. Defendant, however, said he would think of it, and if witness would call at defendant's store in a few days, he would say more about it; that shortly afterwards witness did call, when defendant said he was going to *Philadelphia* in a few days, when he would see *Mr. Chevalier;* until then he could do nothing further. Upon the foregoing pleadings

and testimony, the defendant moved the Court for their opinion and direction to the jury, that the plaintiff was not entitled to recover—Because, *First.* The making of the note in question by the defendant, and the several endorsements thereon, have not been duly proved on the part of the plaintiff, nor any evidence thereof given. *Second.* A new promise within three years before the commencement of this suit to pay the said note by the defendant, so as to remove the bar of limitations insisted on in his second and third pleas, has not been proved, nor any evidence thereof given. *Third.* No evidence has been given on the part of the plaintiff, that he did take, or offered to take any discount from the said note, or otherwise perform the condition on which the supposed new promise was made. Which opinion and direction the Court (HANSON, A. J.) refused to give, but were of opinion and so directed the jury, that if the jury believed the witness, the plaintiff was entitled to recover. The defendant excepted, and the verdict and judgment being against him, he appealed to this Court.

The cause was argued before BUCHANAN, Ch. J., EARLE, MARTIN, STEPHEN, and DORSEY, J.

*Williams* (District Atty. U. S.) for the appellant, contended, 1. That it was necessary to prove the hand writing of the several endorsers, as the endorsements were set out in the declaration. He insisted that there was no evidence of the hand writing of *Chevalier,* and none that defendant had ever seen the note since he signed it. Although it might be admitted, that the declarations of the defendant, amount to an admission that the note was in the possession of *Chevalier,* there was no proof that he knew it to be in the hands of the plaintiff. When defendant promised to pay the note, he supposed that *Chevalier* was the holder, and therefore he cannot be understood, as admitting his endorsement. His promise can only conclude him, as to those facts, of which he had knowledge, and no further.

On this point he cited  1 *Camb. Rep.* 100. *Peak. Evid.* 220.  *Sidford vs. Chambers,* 2 *Serg. and Low.* 410. *Smith vs. Chester,* 1 *Term. Rep.* 654.

On the 2d and 3d points, he referred to *Oliver vs. Gray,* 1 *Harr. and Gill,* 214, 216, 218, 219.  *Wetzell vs. Bussard,* 11 *Wheat.* 309, 310.  *Bell vs. Morrison,* 1 *Peters' Rep.* 351.  *Roosevelt vs. Mark,* 6 *Johns. Ch. Rep.* 290. *Sands vs. Gelson,* 15 *Johns. Rep.* 511.  *Sluby vs. Champlin,* 4 *Johns. Rep.* 469. (note B.) *Harrison's Index,* 67. *A' Court vs. Cross,* 3 *Bingham,* 329. 2 *Barn. and Ald.* 759. 4 *Maul. and Selw.* 157. *Short vs. M' Carthy,* 3 *Barn. and Ald.* 626.  *Hellings vs. Shaw,* 7 *Taunt.* 608. 2 *Harr. Index,* 925.  4 *Bingham,* 105.  *Ib.* 303.  6 *Barn. and Cres.* 603.

*Johnson,* for the appellee.

1. The conversation which first took place between the witness, and the defendant, was certainly evidence for the jury, and if true, entitled the plaintiff to a verdict.  A promise to pay a note after it is due, amounts to proof of every thing, which otherwise the party would be bound to prove.  *Jones vs. Morgan,* 2 *Camp. Rep.* 474. *Sidford vs. Chambers,* 2 *Serg. and Low.* 410.  *Chitty on Bills,* 410. (*Ed.* 1819.)  *Lundie vs. Robertson,* 7 *East.* 231.  1 *Wheat. Selw.* 279. *Saund. Plea. and Ev.* 337.  On the question of limitations, he referred to *Oliver vs. Gray,* 1 *Harr. and Gill,* 204.

BUCHANAN, Ch. J., delivered the opinion of the Court.

This suit was brought on a promissory note, given by the appellant to *John Kiems,* who endorsed it to *C. E. Chevalier,* by whom it was endorsed to the appellee, in a regular course of negotiation, before it was at maturity.  The pleas of *non assumpsit, non assumpsit infra tres annos,* and *actio non, &c.* were put in, on which issues were taken. The Judge here, after referring to the evidence contained in the bill of exceptions, stated, that upon the pleadings and testi-

mony, the appellant moved the opinion and direction of the Court to the jury, that the appellee was not entitled to recover, on three grounds. *First*, that the making of the note by him, and the several endorsements thereon, had not been proved, nor any evidence thereof given. *Second*, that a new promise by the appellant, within three years before the commencement of the suit to pay the note, so as to remove the bar of limitations insisted on, in his second and third pleas, had not been proved, nor any evidence thereof given. *Third*, that no evidence had been given on the part of the appellee, that he took, or offered to take any discount from the note, or otherwise perform the condition, on which the supposed new promise was made. Neither of these objections to the right of the appellee to recover was sustained; but the Court before which the cause was tried, was of opinion, and so instructed the jury, that the appellee was entitled to recover, if they believed the witness; in which we concur with that Court. As to the first point, the suit was against the appellant as the maker of the note, the execution of which, was a matter within his own knowledge; and surely his offer to pay it, when called upon after it became due, was sufficient evidence of *his* signature, a sufficient admission that *he* was the maker of it. The several endorsements by which it came to the hands of the appellee, being set out in the declaration, it became necessary at the trial to prove them; and as it is not to be supposed that the appellant would have paid it to any one, whom he did not know to be entitled to receive it, his offer to pay it to the agent of the appellee, was a sufficient admission of the endorsements, and of the appellee's right to receive it. It amounted to an admission, that every thing had been done, necessary to the appellee's right to receive it, and that there was no objection to his paying the note, and superseded the necessity for further proof. *Sidford and another vs. Chambers*, 2 *Serg. and Lowb.* 410. In *Jones vs. Morgan*, 2 *Camb. Rep.* 474, which was an action against the drawer of a bill of exchange, dishonored

for non-payment after being accepted, it was decided that though it was unnecessary to have stated the acceptance in the declaration, yet as it was stated it must be proved; but that a promise to pay after the bill became due, was a sufficient admission, as well of the acceptance, as of the hand writing of the defendant. The same principle will be found in *Lundie vs. Robertson,* 7 *East.* 231.

As to the *second* point, in *Oliver vs. Gray,* 1 *Harr. and Gill,* 204, it was ruled by this Court, that an acknowledgment of the debt, with a naked refusal to pay, or a refusal accompanied with an excuse, for not paying it, which in itself implies an admission that the debt remains due, and furnishes no real objection to the payment of it, is sufficient to take a case out of the statute of limitations. Now this is just that case. The offer to pay the note, was not proved to have been made within three years before the bringing the suit; but the making of it by the appellant, and the several endorsements upon it, being established, his saying when spoken to on the subject, only a few days before the suit was instituted, " that he could not pay it, that *Chevalier* had charged him too much, and some discount must be taken from it; and that he must see *Mr. Chevalier* on the subject," was a clearly implied admission, that the debt remained due and unpaid, and the excuse alleged for not paying it, furnished no real objection to the payment of it, if true. The note came to the hands of the appellee by endorsement in a regular course of negotiation, and if the suit had been brought within three years, it would have been no defence to the action, that *Chevalier* had charged the appellant too much, for it would seem to have been given on account of some transaction with *Chevalier;* and the admitted continuing existence of the debt, carried with it the assumption raised by the law. And as to the *third* point, that the appellee had offered no evidence, that he took, or offered to take any discount from the note, it is answered by saying, that he was under no obligation to make any discount. The appellant was entitled to no dis-

count as against him ; nor against any body else, as far as appears, for there is no evidence in the record on the subject. And even if he could have been entitled to a deduction from the amount of the note, in a suit between him and *Chevalier*, there is no pretence for saying that the note was subject to the same deduction in the hands of the appellee.

JUDGMENT AFFIRMED.