SAMUEL R. BUFFINGTON, Trustee, *vs.* ANNIE L. DAVIS.

*Statute of Limitations—Erroneous Instruction.*

To remove the bar of the Statute of Limitations, which was pleaded in an action on a promissory note, it was shown that the attorney for the plaintiff had written to the defendant, calling her attention to the note, particularly describing it, and stating that the plaintiff, as trustee, was compelled to take some action either to have the claim liquidated, or placed in such form as to avoid the bar of the Statute of Limitations. To this letter the defendant replied, expressing her regrets that she could not remit the amount due, and stating the causes of her inability to do so. She, at the same time, requested the plaintiff's attorney to communicate with her agent, who had a power of attorney, and the entire management of her estate, and would do all that the ruined condition of her fortune would permit. HELD:

That the letter of the defendant contained an acknowledgement of a present subsisting debt due by her to the plaintiff, which was sufficient to remove the bar of the Statute.

Where in an action on a promissory note by an endorsee against the maker, the defendant pleaded never was indebted, never promised, and limitations, and the genuineness of the signature to the note and of the endorsement thereon was admitted, and no evidence was offered by the defendant, an instruction by the Court that the evidence offered by the plaintiff was insufficient to remove the bar of the Statute, and the verdict must be for the defendant, generally, was erroneous; if the evidence offered to remove the bar of the Statute was insufficient, the jury should have been instructed to find for the defendant, upon the issue on the plea of limitations only.

APPEAL from the Baltimore City Court.

The cause was argued before BARTOL, C. J., MAULSBY, GRASON and MILLER, J.

*J. D. Ferguson* and *John A. Inglis,* for the appellant.

*John P. Poe,* for the appellee.

Buffington, Trustee, *vs.* Davis.

GRASON, J., delivered the opinion of the Court.

The first question to be considered in this case is presented by the motion to dismiss the appeal, which is based upon the ground that the bill of exceptions was not prepared and submitted to the Judge at the same term of the Court at which the case was tried.   The 36th Rule of the Superior Court of Baltimore city provides that "every bill of exception taken to the ruling of the Court, in the progress of the trial, must, if required by either party, be prepared and settled before the verdict is rendered; and in every case, unless otherwise allowed by the Court, the bill of exceptions shall be prepared and submitted to the Court during the sittings of the term at which it shall have been taken."   This case was tried in the Court below at the September Term, and the bill of exceptions was not prepared and submitted to the Judge until the January Term succeeding; but it appears from the record that the appellee did not require that the bill of exceptions should be prepared and submitted to the Judge before the verdict was rendered, and that the appellant asked for time to prepare the same, and that the time was allowed by the Court for that purpose, and that the exception was prepared and submitted to the Judge for his signature about a month afterwards, and that it was then signed and sealed as of the date of the trial.   The bill of exceptions appears to have been prepared and submitted to the Judge in accordance with the provisions of the 36th Rule, and the motion to dismiss the appeal must therefore be overruled.

The second question to be considered is raised by the instruction given by the Court below to the jury, "that the evidence offered by the plaintiff in support of the issue joined upon the defendant's third plea is not sufficient in law to remove the bar of the Statute of Limitations, and that their verdict must therefore be for the defendant."   The suit was brought upon a promissory note of the defendant to C. R. Brewster or order, for twelve hundred dollars, and was dated 16th March, 1861.   The defendant filed three pleas: first,

that she never was indebted as alleged; second, that she did not promise as alleged; and third, the Statute of Limitations. The signature to the note and the endorsement thereon were both admitted to be genuine. The only proof, therefore, offered by the plaintiff related to the new promise alleged to have been made by the defendant, and consisted of two letters addressed by the plaintiff's counsel to the defendant and her agent in Mississippi, both dated 16th November, 1868, and the replies thereto. The first called the defendant's attention to the note, particularly describing it, and stated that Mr. Buffington, as trustee of Mrs. Elizabeth Kelton, was compelled to take some action, either to have the claim liquidated, or placed in such form as to avoid its being barred by limitations. To this letter the defendant replied the same day, and stated that she " regrets that in replying she cannot remit the amount due Mrs. Kelton. But year after year of disastrous failure in the crops, added to heavy losses incident to the late struggle of the South for freedom, have wrecked her fortune, and for two years passed she has lived upon the sale of jewels." She then asks the counsel of the plaintiff to communicate with Col. F. J. Shaffer, of Mississippi, who, she states " has a power of attorney and the entire management of her affairs," and that " he is an honorable and high-toned gentleman, and will do all that the ruined condition of Mrs. Davis' fortune will permit." It will be seen that this letter, which was admitted at the trial to be authentic, clearly and unequivocally admits a then present subsisting debt, due by the defendant to the plaintiff, regrets her inability to make immediate payment, explains that such inability was caused by failure of crops and losses caused by the late civil war, and then refers the plaintiff to her agent and attorney, and manager of her affairs in the State of Mississippi, not for the purpose of having that agent to decide whether the note is valid, the debt due, or the defendant is liable at law for its payment, but for information as to her means and the time within which it would probably be paid, and with the assur-

Buffington, Trustee, *vs.* Davis.

ance that he was an honorable man and "will do all that the ruined condition of Mrs. Davis' fortune will permit." She does not set up any defence, either legal or moral, to the payment of the note. The law is well settled in this State that the acknowledgment by the defendant of a present subsisting debt, or a promise to pay, is sufficient to remove the bar of the statute. *Oliver vs. Gray,* 1 *H. & G.,* 216; *Ellicott vs. Nichols,* 7 *Gill,* 98; *Keplinger vs. Griffith,* 2 *G. & J.,* 301; *Frey vs. Kirk,* 4 *G. & J.,* 522; *Stockett, Adm'r of Locke vs. Sosscer,* 8 *Md.,* 378; *Higdens Adm'r vs. Logan,* 17 *Md.,* 111; *Felty, Adm'r of Young vs. Young,* 18 *Md.,* 167.

The acknowledgment by Mrs. Davis, in her letter to the plaintiff's counsel, of a then present subsisting debt, (that letter being unexplained and uncontradicted by any other evidence,) was sufficient to remove the bar of the Statute; and no statement or declaration of Mrs. Davis' agent could in any manner affect, change, or relieve her from her liability. But the letter of the agent admits the execution of the note by the defendant; that it has not been paid, that Mrs. Davis has the inclination to pay, but is not in a condition now to gratify that inclination, and offers no valid objection, either legal or moral, to its payment. The instruction of the Court below to the jury was therefore erroneous.

But it was contended by the counsel of the appellee that, even if there was error in the instruction, the judgment ought not to be reversed, because the verdict was a general one and necessarily included a finding in favor of the appellee upon all the issues.

In this case the genuineness of the signature to the note and of the endorsement thereon was admitted at the trial, and no evidence whatever was offered by the appellee. It is, therefore, perfectly clear that, although the verdict was a general one, it could only have been rendered in favor of the appellee upon the issue joined on the third plea, which was a plea of limitations. In this respect also there was error in the instruction given by the Court below, for if the evidence

offered by the appellant in support of the issue joined on the third plea was insufficient to remove the bar of the Statute, the jury ought to have been instructed to find for the appellee upon that issue and not for the appellee generally. The judgment must be reversed and the cause remanded for another trial.

> *Motion to dismiss the appeal overruled, judgment reversed and new trial awarded.*