REVERSED AND DISMISSED.

---

## PAGE, PEEL & MORAN v. JOHN H. PAYNE.

1. LIMITATION.—A suit brought for a balance due upon a bill of goods furnished on the written order of defendant, promising payment therefor, is not barred in two years from the accrual of the cause of action.

2. CAUSE OF ACTION.—The written order is the ground and foundation of the action. The filling of the order is the consideration upon which the promise in the order is based, and which may be proved by parol.

APPEAL from Hunt. Tried below before the Hon. W. H. Andrews.

On 12th January, 1874, Page, Peel & Moran sued J. H. Payne for a balance due upon a bill of goods set out in the petition and furnished upon the order of Payne, as follows:

"PAYNE'S STORE, HUNT CO.,
                                    "*April* 19*th,* 1871.
"Messrs. PAGE, PEEL & MORAN.

" *Gents:* Please fill the following order, and charge to my account.          *          *          *          *          *          *          *

" Prompt payment will be made for above goods and also for what is due you on back accounts.   Do the best for me you can, and oblige,

"Your serv't,                              J. H. PAYNE,
                                    "per C."

The defendant plead the statute of limitations of two years.

A jury was waived, and upon the plea of limitations judgment was rendered for defendant, and Page, Peel & Moran appealed.

*Upthegrove & Cushman,* for appellants, cited Sublett *v.* McKinney, 19 Tex., 444; Roberts on Frauds, 107; Pas. Dig., art. 4606.

*W. C. Jones,* for appellee.

I. There is no error in the judgment of the court.   The defense is fully made out by the proof, and the account was clearly barred at the commencement of this suit, unless it was an account current between merchant and merchant, and the District Court rightly held that was not in the sense intended by the statute, as it was but a single purchase of a bill of goods, all the items, both debits and credits, being on one side only.   (See Sayles' Practice, 2d ed., sec. 236; Guichard *v.* Superveile, 11 Tex., 522; Leavitt *v.* Gooch, 12 Tex., 95; Judd *v.* Sampson & Co., 13 Tex., 19.)

II. *The order* can in no sense be taken as the foundation of the suit, and could not bring it under the statute of four years.   If the order, or, in other words, the request to forward the goods, had never been filled, no action could accrue

upon it, and plaintiffs' cause of action, if at all, accrued at the date of filling the order. The case of Sublett *v.* McKinney, 19 Tex., 438, cited by appellants, is not an authority in point. That was a suit by an accommodation acceptor of a bill of exchange against the drawer after the accommodation acceptor had been compelled to pay it. And the court rightly held that the accommodation acceptor is to be regarded in the light of a surety.

MOORE, ASSOCIATE JUSTICE.—This suit was brought by appellants for a balance alleged to be due and owing them for a bill of goods filled on the written request of appellee. On the trial below a jury was waived, and, by consent of parties, the case was submitted to the judge, by whom judgment was rendered in favor of appellee, upon the ground that the suit, not having been brought by appellant, within two years next after the accrual of this cause of action, was barred by the statute of limitation. In the view taken of the case by the judge, appellants' action was not, as they insist, grounded upon a contract in writing, but was founded upon an account for the goods and wares sold appellee. In this conclusion we are of the opinion the court erred. Appellants in their petition set forth and allege as the foundation of their action appellee's written order or request for the goods he wished appellants to forward him, and in which he expressly undertakes and promises to make prompt payment; and in connection with this order they present, as a part of their petition, a copy of the bill of goods forwarded to appellee as requested. It is undeniably true, as appellee insists, if his order or request to forward the goods had never been filled, no action would have accrued upon it. It must also be admitted that appellants' cause of action did not accrue until the date of the filling of the order. But we cannot perceive how these concessions tend to prove that the action is not grounded upon appellee's written obliga-

tion and agreement to pay the reasonable value of the goods sent him by appellants upon the faith of this promise to pay for them. It is an elementary principle, if a promise is made upon condition, until the performance of the condition there is no consideration to support it; but on performance, it is clothed with a valid consideration which relates back to the promise, and it then becomes obligatory. Appellee, by his letter, requested appellants to forward him the goods, and promised, on condition appellants would comply with his request, he would make prompt payment for them. It is a promise on his part, without consideration until the condition is performed by appellants, but as soon as this is done the performance relates back to the promise, and furnishes ample consideration to support the promise to pay contained in the letter upon which the suit is brought. The filling of the order is the consideration to support the promise, and though this is proved by parol, still the writing is the ground and foundation of the action. The appellants were, therefore, entitled to recover the amount shown by the evidence to be due them; and the judgment of the District Court must be reversed, and judgment rendered in this court in their favor for the same.

REVERSED AND REMANDED.