### W. E. Browne v. Horace G. French et al.

### No. 161.

1. **Bond Assuming Debts of Another — Liability of Surety.** — Where it appears from the terms of an obligation that the surety has contracted to become bound by a judgment that has been or may be rendered in an action against his principal, it is conclusive against him, although he was not a party to the suit in which the judgment was obtained; but in an undertaking general in character the judgment obtained against the principal therein only creates a prima facie liability against a surety not made a party, nor given an opportunity to defend the suit in which the judgment was rendered. See example.

2. **Promise in Writing Taking Debt out of Limitations.** — It is not necessary that an express promise to pay should be made, to take a debt out of the statute of limitations. Asking a creditor's indulgence, with a promise to remit, subsequently followed up by actually remitting a part of the debt, with a promise in writing " to remit again in a few days," constitutes an acknowledgment of the debt, with a promise not only to pay a part of it, but an implied promise to pay it all. Such promise avoided the plea of two years limitations to the account to which it must have referred, as there was none other between the parties.

3. **Pleading.** — An action was brought against sureties on an indemnity bond securing a retiring partner against debts of the firm, alleging a judgment against the firm which was rendered by default upon an account barred by limitations. It having been shown that such account had been renewed by promise in writing, *held*, that while the judgment was not binding upon the sureties, they not having been made parties, still they could not defend by showing that the account was barred; the new promise was only necessary to be pleaded to avoid the plea of limitation when made.

4. **Liability upon Indemnity Bond.** — In suit upon bond assuming partnership debts made by one partner to a retiring partner, a cause of action is shown against sureties upon the bond upon producing a judgment against the firm rendered upon a firm account covered by such bond. It is not necessary that the plaintiffs have paid such judgment.

Appeal from Travis. Tried below before Hon. W. M. Key.

This is a suit by appellant, Browne, against appellees, Horace G. French, C. M. Rogers, and Matilda Christian, surviving wife of Edward Christian, upon an indemnity bond in favor of appellant Browne, executed by H. G. and S. W. French, as principals, and C. M. Rogers and E. Christian, wherein they obligated themselves and bound themselves to pay all the accounts, demands, and debts of every character against said firm of French & Browne, and to forever hold said W. E. Browne harmless from any

liability or obligation to pay any of said accounts, demands, or debts against said firm, or any part thereof, to any and all creditors of said firm.

It appears that the appellant was a member of the firm of French & Browne, and that he sold out his interest in the firm business (which was that of general undertakers in the city of Austin) to H. G. and S. W. French, and that the execution of the bond, and the assumption of the debts therein mentioned, by the obligors in the bond, was a part of the consideration for said sale.

The breach of the bond for which recovery is sought in this case consists of the fact, that after the execution and delivery of the bond to appellant, one Hamilton recovered a judgment against the old firm of French & Browne, and against said firm the Crane-Breed Manufacturing Company also recovered a judgment for the sum of $1795.57, both demands being debts due by said firm of French & Browne, and which were covered by the bond executed by the appellees, which they refused to pay. It appears that the appellant was served with process in the above suits against the firm of French & Browne, and he contends that the judgments so recovered by said parties create a liability against him, for which the obligors in said bond are bound, and that such facts create a breach of the bond.

The appellees Rogers and Christian, among other things, pleaded, that the judgment obtained by Crane-Breed Manufacturing Company against French & Browne was based on an account for goods furnished said firm between the dates October 9, 1885, and May 20, 1886, and that the suit was instituted January 29, 1889, and that at the date of said suit said account was barred by the statutes of limitation of two years. That they were not parties to said suit, nor did they know of its pendency; and that as appellant was a party thereto, it was his duty to either notify the appellees of the pendency of the suit, or he should have pleaded to said demand the statutes of limitation, and which he failed to do; therefore he was negligent in his duty to appellees, who were only sureties, and therefore they are discharged; and further, that the judgment so obtained against their principal, French, in said suit, was not binding and conclusive against them, they not being parties thereto. This is as much of the answer as we think necessary to state.

The cause was tried by the court without a jury, and judgment was rendered in favor of appellant against all of the appellees for the amount of the judgment recovered by Hamilton against French & Browne, and in appellant's favor only against H. G. French for the amount of judgment recovered by Crane-Breed Manufacturing Company against French & Browne, and in favor of appellees Christian and Rogers as to this amount. From this judgment appellant appeals.

We find the following facts:

1. May 19, 1886, and prior thereto, the appellant and H. G. French

were engaged as partners in the undertaking business in the city of Austin, Texas, under the firm name of French & Browne; and on May 19, 1886, the appellant sold his entire interest in said firm and business to H. G. and S. W. French, they agreeing to pay all the debts of French & Browne. As a part of this transaction, the bond sued on was executed by H. G. and S. W. French, as principals, and the appellee C. M. Rogers and one Edward Christian, the deceased husband of appellee Matilda Christian, as sureties, by the terms of which they bound themselves to pay all the accounts, demands, and debts of every character against said firm of French & Browne, and to hold plaintiff harmless from any liability or obligation to pay any of said debts and accounts, or any part thereof. The bond states, that if said H. G. and S. W. French shall well and truly pay all accounts, demands, and debts against said firm to any and all creditors of said firm, and to forever hold the appellant harmless from any liability or obligations to pay any and all of the same, then the obligation to pay the $3000, the penalty of the bond, is to be null and void, otherwise to remain in full force and effect.

2. October 3, 1888, Frank Hamilton recovered a judgment against French & Browne, and against the appellant individually as a member of said firm, for the sum of $297, with interest thereon at 12 per cent, and for $12.50 costs of suit, said judgment being upon a promissory note executed by French & Browne, a debt covered by the bond executed by the appellees. This judgment was not paid or discharged by appellees when this suit was instituted, nor has it been paid by appellant, so far as shown by the evidence.

3. January ——, 1889, Crane-Breed Manufacturing Company sued French & Browne in the District Court of Travis County upon an open account for undertakers' goods sold said firm on divers days between October 9, 1885, and April 30, 1886, with one item stated as "New plain case, plain lined, $45," sold May 20, 1886. And that on March 8, 1889, judgment was rendered in favor of said Crane-Breed Manufacturing Company against the appellant and H. G. French for the sum of $1795.57, and for costs to the amount of $9.05. That said judgment has not been paid off or satisfied by the obligors in said bond, nor does it appear from the evidence that the appellant has paid any sum upon the judgment. We further find, that the account sued upon and merged into the foregoing judgment was a valid debt against the firm of French & Browne, and was covered by said bond so executed by the appellees French and Rogers and Edward Christian, except the last item in said account mentioned as being in amount $45, for goods sold on May 20, 1886; and that the judgment for the amount recovered was a legal and valid demand against said French and the appellant, with the exception of said sum of $45, above mentioned.

4. Appellee Matilda Christian is the wife of E. Christian, who died in 1888. The court below found as a fact that Matilda Christian had duly

qualified, under chapter 28, title 37, of the Revised Statutes of Texas, as survivor of the community estate of herself and E. Christian, and is acting as such. We find no evidence in the record that fully sustains this finding, nor are any facts shown that tend to prove that appellee Matilda Christian has received or has there come into her possession any separate property of E. Christian, deceased, or that there is any community property of the estate of E. Christian and herself. But there are some allegations in her answer that inferentially admit that there is a community estate of E. Christian and herself, and that she has control and possession thereof as the survivor of the community; and in view of the fact that no point is made upon this phase of the case, and as the parties both in their respective briefs treat this matter as properly found by the trial court, we adopt the finding of the court as above stated as the finding of fact by this court.

5. In the suit of Crane-Breed Manufacturing Company v. French & Browne, the appellant accepted service and filed no answer and presented no defense of limitation, nor was such defense interposed by any one, and that the judgment in said suit was by default against both defendants French and Browne. The appellees Christian and Rogers were not made parties to said suit and were not notified of the pendency of said suit. That the appellant was in Louisiana, without the jurisdiction of this State, at the time the suit was brought.

6. Certain written orders and letters were, upon the trial of this cause, introduced in evidence, and the parties to the record have agreed that all of the articles set forth in the account of the Crane-Breed Manufacturing Company sued on in this suit, against French & Browne, were sold to French & Browne upon said written orders and letters, which we find to be a fact; and among the letters so mentioned are the following:

"AUSTIN, TEXAS, January 5, 1885.

"The Crane & Breed Manufacturing Company, Cincinnati:

" GENTS—Your draft of —— instant, calling for $238.12, will be honored by us and payment made in full. Invoice of goods shipped December 14 to hand; but inasmuch as we had ordered so many goods since we gave Mr. Smith the order, and have so many of the same goods on hand, this bill will greatly overstock us at present; we had expected to countermand the order in part, but omitted to do so till too late; we therefore claim your indulgence if at the expiration of 90 days we should be unable to meet the payment, as at that time we will also have other bills of yours falling due. We promise, however, to do our best at all times to satisfy your claims.

" Respectfully, etc.,

" FRENCH & BROWNE, per S.

"AUSTIN, TEXAS, March 3, 1886.

*"Crane & Breed Manufacturing Company, Cincinnati, Ohio:*

" GENTS—Yours of recent date, asking remittance, received. We hope soon to be able to comply with your request. The past two months have been extremely dull with us, on account of the unusual good health of our community; but thanks to your kindness, we are now prepared with a full assortment of undertaker's goods to fill any order that may come to hand, and you may rest assured that we will do what is right by you, and only claim your indulgence a short time, as business always looks up here in the spring of the year. We ask you not to draw on us, but promise to send a remittance as soon as we possibly can. Enclosed find statement for freight allowance for bill received in December, which amount please place to our credit.

" Respectfully, etc.,

" FRENCH & BROWNE."

"AUSTIN, TEXAS, April 30, 1886.

*"Messrs. Crane & Breed:*

" GENTS—Please find enclosed draft for $50, for which give us credit. Will remit again in a few days.

" Respectfully, etc.,

" FRENCH & BROWNE."

7. We find from all of the evidence in the record that the foregoing letters referred to and related to the account and debt sued on by Crane-Breed Manufacturing Company in their suit against French & Browne, and that said letters, in effect, acknowledged the justness of the account and debt so sued upon, and, in effect, are promises to pay same; and that said letters are a sufficient promise in writing to take the debt so sued upon out of the operation and bar of the statute of limitation.

[This statement accompanied the opinion.]

*D. W. Doom* and *James B. Goff*, for appellant, cited: Rev. Stats., arts. 3205, 3219; Pope v. Hays, 19 Texas, 375; Spann v. Cochran, 63 Texas, 240; Page v. Payne, 41 Texas, 143; Webber v. Cochrane, 4 Texas, 31; Erskine v. Wilson, 27 Texas, 119; Chidsey v. Powell, 91 Mo., 267; Barker v. Bradley, 42 N. Y., 316.

*E. T. Moore* and *Fiset & Miller*, for appellees.—1. Plaintiff's (appellant's) petition states no cause of action against appellees Christian and Rogers, because it fails to allege that plaintiff paid or in any way satisfied the two judgments rendered against French & Browne, and out of which this suit arose. Brazee v. Woods, 35 Texas, 302; Valentine v. Wheeler, 122 Mass., 566; Weller v. Eames, 15 Minn., 461; Brown v. Brooch, 52

Miss., 540; Ewing v. Reilley, 34 Mo., 113; Sedg. on Dam., 311; Gilbert v. Wiman, 1 N. Y., 561; Churchill v. Hunt, 3 Denio, 321; Aberdeen v. Blackmer, 6 Hill, 326.

2. Where C, as principal, and D, as surety, enter into a written bond with B, whereby they undertake to pay all debts of B, and to hold him harmless from all liability to pay same, and thereafter A recovers a judgment against B on an account barred by limitation, where B makes default and fails to notify the obligor in the bond of the suit against him, then in a suit by B on the bond, the surety, D, may set up limitation against B's action. Pico v. Webster, 14 Cal., 203; The State v. Tiedeman, 3 McCrary, 400; Graves v. Bulkeley, 25 Kans., 249; Stephens v. Shafer, 48 Wis., 54; Thomas v. Hubbell, 15 N. Y., 405; 35 N. Y., 12; Freem. on Judg., secs. 180–184; Bayl. on Sure. and Guar., 140; 35 N. Y., 121; 30 N. J. Eq., 435.

3. The bond is a written contract to pay all legal obligations of French & Browne. The plaintiff, the obligee in said bond, must first establish a legal claim against said firm in order to base a suit on said bond. A debt of said French & Browne barred by limitation would not be a legal obligation. Ang. on Lim., arts. 331, 332; Kyles v. Wells, 55 Am. Dec., 556.

4. If the bond is considered to be such a promise by the obligor as in effect makes the debts of French & Browne the debts of the obligors, the Crane-Breed Manufacturing Company could only recover against said obligors by suing on the bond; a new promise to pay a barred debt, which promise is not sufficient to fulfill the requirements of the Revised Statutes, article 3219. Sayles' Civ. Stats., art. 3219, and note; Coles v. Kelsey, 2 Texas, 541; Leigh v. Linthecum, 30 Texas, 100; Smith v. Fly, 24 Texas, 353; Webber v. Cochrane, 4 Texas, 31.

FISHER, CHIEF JUSTICE.—The appellant contends that the court erred in not rendering judgment in his favor against the appellees Christian and Rogers for the amount of the judgment obtained by the Crane-Breed Manufacturing Company, in their suit against French & Browne, wherein they obtained judgment against H. G. French and the appellant for the sum of $1795.57, and $9.05 costs of suit.

The refusal of the court to so render judgment was, in effect, based upon the reasons, that the demand of Crane-Breed Manufacturing Company against French & Browne was barred by limitation at the time their suit was brought; and the appellant being made a party to the suit and notified of its pendency, he had a good defense by limitation, which he should have interposed; and failing so to do, operated as a discharge of the appellees Christian and Rogers, who were bound only as sureties on the bond sued upon; and they not being parties to the suit nor notified of its pendency, the judgment obtained against the appellant and French was not conclusive against them, and they could in this suit interpose as

a defense to the appellant's demand his failure to plead the statutes of limitation to the claim of the Crane-Breed Manufacturing Company.

The court below, in reaching this conclusion, passed upon other interesting questions which we deem not necessary to notice, as we dispose of the case upon a question which renders it unnecessary that these questions should be decided.

The pivotal question is, whether the demand of Crane-Breed Manufacturing Company against French & Browne was barred by limitation at the time that suit was instituted thereon. If it be true that the claim was not barred, then it follows that French & Browne would be liable and bound for the debt, and had no defense that would defeat it. This being true, the obligors in the bond sued upon would under the terms thereof be bound to discharge that debt as one of the assumed obligations stated in the bond, and should hold the appellant harmless from all liability therefrom.

The first question that we consider is, is the judgment of Crane-Breed Manufacturing Company against French and the appellant conclusive against the appellees as sureties on the bond sued on in this case, they not being parties to the suit or notified of its pendency? The obligation created by the bond so executed to appellant was, that the obligors should pay the debts of French & Browne and hold the appellant harmless. It was not that they should be bound by any particular judgment, but simply a general promise to pay the debts.

The general rule upon this subject may be stated, that when it appears from the terms of the obligation that the surety has contracted to become bound by a judgment that has been or may be rendered in an action against his principal, it is conclusive against him, although he was not a party to the suit in which the judgment was obtained; but in an undertaking general in character, such as the bond sued upon in this case, the judgment obtained against the principal therein only creates a prima facie liability against the surety who was not made a party or given an opportunity to defend the suit in which the judgment was obtained. In such cases the judgment is not conclusive, and does not operate as an estoppel against the surety, and, when sought to be made liable therefor by the judgment creditors, he will be permitted to interpose any valid defense that would defeat the plaintiff's case existing at the time the judgment was obtained.

The court below correctly held that the judgment obtained by Crane-Breed Manufacturing Company against the appellant was not conclusive against the appellees Rogers and Christian.

We next consider the question, whether the demand of Crane-Breed Manufacturing Company against French & Browne was barred by the statutes of limitation at the time of filing suit thereon, and whether the

plea of limitation, if presented, would have defeated the recovery of judgment upon the claim.

The letters set out in the findings of fact, written by French & Browne to the Crane-Breed Manufacturing Company, in effect acknowledge the justness of the debt, and the two last letters quoted, in our opinion, is a sufficient promise to pay it. These letters were written during the life of the account, and before it was affected by the operation of the statutes of limitation. From the statements contained in these letters, the inference is warranted that Crane-Breed Manufacturing Company had been requesting of French & Browne a payment of their indebtedness to them. In reply to the request, French & Browne ask their indulgence, stating that business looks up in the spring of the year, and "we ask you not to draw on us, but promise to send a remittance as soon as we possibly can." This letter is followed by one dated April 30, 1886, in which French & Browne enclose a draft for $50, with a request that they be given credit for the amount, and in conclusion say, "will remit again in a few days."

At the time that the last letter was written, the account sued on had been contracted, with the exception of the item of $45, which was for goods sold after that time and after the appellant had retired from the firm of French & Browne.

It is not essential that an express promise to pay should be made. All that is necessary, can a promise be implied from the words used? Asking a creditor's indulgence, with a promise to remit, subsequently followed up by actually remitting a part of the debt, with a promise "to remit again in a few days," constitutes an acknowledgment of the debt, with a promise not only to pay a part of it, but an implied promise to pay it all. Blakeman v. Fonda, 41 Conn., 561; Henry v. Roe, 83 Texas, 451; Lange v. Caruthers, 70 Texas, 720; Page v. Payne, 41 Texas, 143; McDonald v. Grey, 29 Texas, 83; 1 W. & W. C. C., sec. 373; Erskine v. Wilson, 27 Texas, 118; Chidsey v. Powell, 60 Am. Rep., 268; Russ v. Cunningham, 16 S. W. Rep., 447; 13 Am. and Eng. Encycl. of Law, 750–757; Buffington v. Davis, 33 Md., 511; Bliss v. Allard, 49 Vt., 351.

The only element of uncertainty left by these letters, when considered solely by themselves without the aid of any presumption or extrinsic facts, is to the debt to which they relate. But this is not a practical difficulty in this case, for the facts gathered from the record indisputably show that these letters relate and refer to the account sued upon by the Crane-Breed Manufacturing Company. Mitchell v. Clay, 8 Texas, 447; 13 Am. and Eng. Encycl. of Law, 757; Russ v. Cunningham, 16 S. W. Rep., 447.

But in addition to the fact as stated, there is a rule of law which may be invoked in this case that makes the acknowledgment and promise contained in the letters apply and relate to the account sued upon by Crane-

Breed Manufacturing Company. It is, that if no other debt is shown to be due to the plaintiff by the defendant, the promise will be held to apply to the debt sued upon. Russ v. Cunningham, 16 S. W. Rep., 447; Mitchell v. Clay, 8 Texas, 444; Erskine v. Wilson, 27 Texas, 118; Wood on Lim., 1 ed., 162, sec. 68.

In this case no other debt was shown to exist. The effect of these letters is to create a new promise and to remove the bar of the statute; and as this new promise is in writing, it follows that limitation would only commence to run from the time that the promise was made, and the debt would only be barred within four years from that time. The action by Crane-Breed Manufacturing Company against French and the appellant being within that time, the demand was not barred by the statutes of limitations. Chidsey v. Powell, 60 Am. Rep., 268; 13 Am. and Eng. Encycl. of Law, 758; Henry v. Roe, 83 Texas, 451.

Although the suit of Crane-Breed Manufacturing Company was upon the account, which in itself was barred, and not upon the new promise, the defense of limitation, if it had been interposed, would not have availed the appellant anything; nor would it have been a good defense if interposed by the appellees if they had been parties to the suit, because Crane-Breed Manufacturing Company could have set up and pleaded the acknowledgment of the debt and the promise to pay as shown by the letters, and the setting up of this cause of action would have met and overcome the defense of limitation. It can not be said that the suit, being upon the account which was barred, would require the appellant, as an act of diligence to the sureties, to plead the statute of limitation, when as a matter of fact such defense would not prevail because of the written acknowledgment and promise to pay the debt sued upon. If, as a fact, the real debt was not barred, although it was barred in the form in which it was in suit, the appellant should not be required to plead limitation when in the nature of things it would not operate to defeat a recovery by the creditor. Pleading limitation under the circumstances would have been a futile attempt to interpose a defense that was without merit. This the appellant was not required to do.

To conclude, can the appellant, he having paid nothing towards the satisfaction of the judgment obtained by Crane-Breed Manufacturing Company, maintain this action against the obligors in the bond here sued upon; and does the fact that the judgment was obtained against him for a debt that the obligors in the bond assumed to pay create such a breach of the bond as gives the appellant his action for damages against such obligors? If the obligors bind themselves to pay the debts of the obligee upon consideration, as they did in this case, and suffer a judgment to be obtained against the obligee for the debt for which they are bound, a breach of the bond immediately results, for the results of which the ob-

ligee may sue.   Pope v. Hays, 19 Texas, 377; 10 Am. and Eng. Encycl. of Law, 415, 416.

The judgment of the court below is reversed, and judgment here rendered in favor of appellant against H. G. French and appellees C. M. Rogers and Matilda Christian for the amount of judgment recovered by the Crane-Breed Manufacturing Company in their cause number 8865 against W. E. Browne et al., in the District Court of Travis-County, Texas, on the 8th day of March, 1889, for the sum of $1795.57, and the further sum of $9.05, costs in said suit, less the sum of $45, it being an item in said account of Crane-Breed Manufacturing Company for which the appellees were not liable; with interest on said judgment at the rate of 8 per cent per annum from the 8th day of March, 1889; and judgment in favor of appellant is further rendered against the appellees and H. G. French for the amount of the judgment rendered in his favor by the court below.   The judgment here rendered, in so much as it affects appellee Matilda Christian, is to be paid out of the community estate of the said Matilda and Edward Christian.

*Reversed and rendered.*

Delivered May 24, 1893.


Justice KEY did not sit in this case.