**SOUTHERN SURETY CO. v. AUSTIN, Commissioner of Banking of Texas.**

Circuit Court of Appeals, Fifth Circuit. December 16, 1927.

Rehearing Denied January 7, 1928.

No. 4989.

1. **Limitation of actions** ⟨key⟩14—Statute relating to limitation agreements means that plaintiff must be given at least two years after cause of action accrues in which to file suit (Rev. St. Tex. 1925, art. 5545).

Rev. St. Tex. 1925, art. 5545, prohibiting agreements limiting time in which to sue to shorter period than two years, means that plaintiff must be given at least two years after cause of action accrues in which to file suit.

2. **Limitation of actions** ⟨key⟩14—Provisions of indemnity bond, barring recovery for failure to bring suit within two years after loss, held invalid, under statute prohibiting restricting time for suit to less than two years (Rev. St. Tex. 1925, art. 5545).

Provision of indemnity bond, providing that no suit should be sustainable unless commenced within term of two years next after date of any loss for which company should be liable thereunder, and in case suit should be commenced after expiration of two-year lapse of time should be deemed as conclusive evidence against validity of claim, *held* invalid, under Rev. St. Tex. 1925, art. 5545, prohibiting agreements restricting time for suit to less than two years, since first provision restricted time for suit to less than two years, and second provision depended for its validity on enforcement of first, and under either failure to bring suit within two years from loss barred recovery.

3. **Limitation of actions** ⟨key⟩43—Cause of action accrues when debt is due and suit may be brought on it.

As regards limitations, cause of action accrues when debt is due and suit may be brought on it.

4. **Principal and surety** ⟨key⟩152—Suit could be maintained against surety on bond without joining principal, where principal was not party to bond and was nonresident (Rev. St. Tex. 1925, art. 1987).

Suit could be maintained against surety on bond without joining principal, who was not party to bond, except to extent of agreement to reimburse surety for loss, since he was not an indispensable party, and under Rev. St. Tex. 1925, art. 1987, it was unnecessary to join principal, where principal was nonresident and was insolvent.

5. **Trial** ⟨key⟩177—Contentions involving questions of fact were foreclosed by motions to direct.

Contentions involving questions of fact were foreclosed by motions to direct verdict.

In Error to the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Action by C. O. Austin, Commissioner of Banking of Texas, against the Southern

22 F.(2d)—56

Surety Company. Verdict was directed for plaintiff, and defendant brings error. Affirmed.

William E. Allen, of Fort Worth, Tex. (John T. Sugga, of Denison, Tex., and Goree, Odell & Allen, of Fort Worth, Tex., on the brief), for plaintiff in error.

Charles Amos Leddy, of Dallas, Tex., and W. J. Rogers, of San Antonio, Tex. (Spencer & Rogers, of San Antino, Tex., and Merritt & Leddy, of Dallas, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, hereafter called defendant, executed an indemnity bond in the penal sum of $10,000, guaranteeing the Farmers' & Merchants' State Bank of Ranger, Tex., against loss resulting from the embezzlement, wrongful abstraction, and willful misappropriation of its moneys, funds, and securities by its vice president, J. A. Chaffe. The bond also ran in favor of any receiver who might be put in charge of the affairs of the bank. Chaffe proved dishonest and delinquent, and caused a loss to the bank exceeding $10,000. The bank was taken over by defendant in error, hereafter called plaintiff, under the law, as statutory receiver, and brought suit on the bond. At the close of the evidence, both sides moved for a verdict. The motion of plaintiff was granted while that of defendant was denied. Error is assigned thereto.

Defendant relies upon the provision of the bond set out below:

"Fifth. That no suit or action of any kind against the company for the recovery of any claim, upon, under or by virtue of this bond shall be sustainable in any court of law or equity, unless such suit or action shall be commenced within the term of two years next after the date of any loss for which the company may be liable hereunder; and in case any suit or action shall be commenced against the company after the expiration of the said period of two years, the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim thereby so attempted to be enforced."

Suit was brought more than two years after the date of loss, but within the statute of limitation of Texas which is four years. Plaintiff relies on article 5545 of the 1925 Revised Statutes of Texas, which reads as follows:

"No person, firm, corporation, association or combination of whatsoever kind shall enter into any stipulation, contract, or agreement,

by reason whereof the time in which to sue thereon is limited to a shorter period than two years. And no stipulation, contract, or agreement for any such shorter limitation in which to sue shall ever be valid in this state."

Defendant contends that the statute above quoted is void for uncertainty, because it is indefinite as to the time when the two-year period begins; that, if it be considered valid, and contravened by that part of the clause in the bond barring suit unless commenced within two years next after the date of any loss, then that the clause is divisible, and the second provision, that in case suit is commenced after the expiration of said period of two years the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim, is valid, and does not contravene the statute, as it does not take effect until more than two years have elapsed.

It may be conceded that stipulations in a contract barring suit in a lesser period than provided by the statute of limitation are valid, if reasonable, and not in conflict with the law of the state, or with settled public policy, and also that, if an otherwise illegal provision of a contract is divisible, and one part is invalid, the other, if valid, may be given effect.

[1] The clear meaning of the statute above set out is that the plaintiff must be given at least two years after the cause of action accrues in which to file suit. Such has been the construction of the Texas courts in upholding its validity. See Maryland Casualty Co. v. Farmers' State Bank & Trust Co. (Tex. Civ. App.) 258 S. W. 584; Webb v. Smith (Tex. Civ. App.) 288 S. W. 624. This agrees with our own conclusions.

[2, 3] Argument is hardly necessary to show that a provision of a contract that requires suit to be brought and process served within two years after the loss is sustained, rather than after its discovery, or the cause of action accrues, restricts the time for suit to less than two years. A cause of action accrues when the debt is due and suit may be brought on it. Defendant was under no obligation to pay anything before plaintiff gave notice and made proof of loss. Under other provisions of the bond, plaintiff had 90 days after discovering a loss to do this. That the contract is in conflict with the statute is apparent. As to whether the clause is divisible, the distinction sought to be made is somewhat metaphysical. Both provisions would seem to mean about the same. The second provision is meaningless, standing alone, and depends for its validity upon the enforcement of the first. Under either, the failure to

bring suit within two years from the loss bars recovery. We conclude that the provision of the policy relied on is invalid under the law of Texas.

[4, 5] The suit was brought solely against the defendant. It is contended by defendant that it could not be maintained without joining the principal on the bond, and also that there was not sufficient evidence to sustain the judgment. Chaffe was not a party to the bond, except that he agreed to reimburse defendant for any loss sustained by it, so was not an indispensable party; but the complete answer to this contention is found in article 1987, 1925 Revised Statutes of Texas, which relieves a plaintiff, suing a surety, from joining the principal, if he resides beyond the limits of the state or is actually insolvent. There was sufficient showing to warrant the finding that at the time the suit was filed Chaffe was a nonresident, and was insolvent, and there was sufficient evidence as to the character and amount of the loss to sustain the judgment. Moreover, both of these contentions involve questions of fact, which are foreclosed by the motions to direct. Buetell v. Magone, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654.

Affirmed.