**AMERICAN SURETY CO. OF NEW YORK**
**v. MARTINEZ et al.**

No. 3039.

Court of Civil Appeals of Texas.  El Paso.
June 14, 1934.

Rehearing Denied June 28, 1934.

Bartlett, Thornton & Montgomery, of Dallas, for appellant.

Sam P. Kohen, Eric Eades, and Clint & Eades, all of Dallas, for appellees.

HIGGINS, Justice.

On February 23, 1928, the Central Federal Fire Insurance Company of Davenport, Iowa, hereinafter called Central Company, issued a three-year fire insurance policy in the sum of $1,250, covering a dwelling owned by Alice Collins and upon which P. P. Martinez held a lien. The policy is in the usual form, with loss payable clause in favor of Martinez as his interest might appear.

The qualification bond of such company required by articles 4925, 4926, R. S., covering the year ending February 28, 1928, was executed by the American Surety Company of New York as surety. The bond contains this stipulation: "This bond shall be subject to successive suits by citizens of the State of Texas so long as any part of the same shall not be exhausted, and the same shall be kept in force unimpaired until all claims of any and all citizens of the State of Texas arising out of any and all obligations of said Principal shall have been fully satisfied."

The condition of the bond reads: "However, the condition of the above and foregoing obligation is such that if the above designated and bounden Principal shall well and truly pay all its lawful obligations to any and all citizens of the State of Texas arising out of any policy or policies, contract or contracts, issued by said Principal, during the year ending February 28, 1928, for which the certificate of authority to do business in Texas has been or shall be issued to it, and also any and all sums of money for reinsurance for which said principal may be or become liable under the foregoing terms and provisions of this instrument, said obligations shall thereupon become and be null and void; otherwise to be and remain in full force and effect."

A form of the bond in full is copied in Republic Ins. Co. v. Cunningham (Tex. Civ. App.) 62 S.W.(2d) 339, to which reference is made.

The house insured was totally destroyed by fire December 11, 1929.

It was shown by written stipulation dated July 11, 1933, "that the defendant, Central Federal Fire Insurance Company is insolvent, has no property, office or agent in the State of Texas, and is no longer engaged in the insurance business in the State of Texas."

This suit was originally instituted December 7, 1931, by P. P. Martinez against the Standard Federal Fire Insurance Company, American Surety Company of New York, Federal Surety Company, Fletcher B. Storey, receiver for the Federal Surety Company in Texas, E. W. Clark, receiver for Federal Surety Company in Davenport, Iowa, Cosmopolitan Fire Insurance Company, and Central Federal Fire Insurance Company.

On January 10, 1933, Martinez filed his first amended original petition omitting as a defendant E. W. Clark, receiver.

On the same date Alice Collins intervened in the suit setting up her rights as owner of the burned house and adopting the allegations of the Martinez petition last mentioned.

On July 10, 1933, Martinez filed his second amended original petition omitting to sue all defendants except the Central Company and the American Surety Company of New York.

On the same date Alice Collins filed her first amended original petition adopting the allegations of the Martinez petition last mentioned. Trial was had upon these two petitions.

The Central Company defaulted.

Upon trial without a jury, judgment was rendered July 13, 1933, against the two companies last named in favor of Martinez for $1,114.17, and in favor of Alice Collins for $373.95, from which the surety company appeals.

Other pertinent facts will be stated in the course of the opinion.

### Opinion.

As stated above, the qualification bond covered the year ending February 28, 1928. In behalf of appellant it is urged the petition is subject to general demurrer because the fire occurred December 11, 1929, and the obligation of the Central Company is not protected by the bond sued upon. The obligation of the Central Company arose out of a policy issued by it during the year ending February 28, 1928, and under the terms of the bond as written it protects the fire loss which occurred on the date stated. Appellant makes no point in that respect, but its theory is that the bond is a statutory one, and not conditioned as required by articles 4925, 4926, R. S.; that the condition should be in the terms of the statute and construed as if it were so written; and if so construed it

protects only claims against the Central Company arising during the year ending February 28, 1928. If the bond be so construed, appellant's theory is sound, for the obligation of the Central Company upon the policy did not arise until the fire on December 11, 1929.

But we are of the opinion that by articles 4925, 4926, it was intended that the bonds therein provided for should protect the payment of obligations arising upon policies issued by the principal during the year covered by the bond, and that the condition as written in the bond is in harmony with the condition prescribed by the statutes. There is nothing in the opinion rendered in Ætna Ins. Co. v. Hawkins, 103 Tex. 195, 125 S. W. 313, to support the theory of appellant that the condition of the bond sued upon is more onerous than the statute authorizes, or that the conditions prescribed by the statute would not protect the obligation of the Central Company here involved.

The policy provides: "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all foregoing requirements, nor unless commenced within two years and one day next after the fire."

This provision of the policy was pleaded by appellant in bar of the action.

Appellant, as surety, can assert any defense available to the Central Company based upon this contractual limitation period, though the Central Company has not asserted any such defense. Browne v. French, 3 Tex. Civ. App. 445, 22 S. W. 581; Glasscock v. Hamilton, 62 Tex. 143.

If any such defense exists, it will, of course, bar the intervener because she did not intervene until the lapse of more than two years and one day after the fire.

For like reason the plaintiff will be barred unless his first original petition was sufficient to toll limitation; his first amended petition not having been filed until January 10, 1933.

Without undertaking to state the allegations of the first original and first amended petitions of Martinez, it is sufficient to say that in each of them judgment was sought against the Central Company upon the policy issued by it on February 23, 1928, because of the fire which destroyed the dwelling on December 11, 1929. So far as concerns the Central Company, both of the petitions mentioned were sufficient to toll limitation. Acts 42d Leg. p. 194, chap. 115 (Vernon's Ann. Civ. St. art. 5539b); 28 Tex. Jur. Title Limitation of Actions, pars. 97, 119 and 120; Ford Motor

Co. v. Maddox Motor Co. (Tex. Civ. App.) 48 S.W.(2d) 735; Fuller v. El Paso Times Co. (Tex. Com. App.) 236 S. W. 455; White v. United States F. & G. Co. (Tex. Civ. App.) 45 S.W.(2d) 756; Galveston, H. & S. A. R. Co. v. Brewer (Tex. Civ. App.) 4 S.W.(2d) 320; Ferguson Seed Farms v. Ferguson (Tex. Civ. App.) 52 S.W.(2d) 354.

It is quite true the first original petition did not assert any cause of action against the appellant upon the qualification bond which it executed for the Central Company covering the year ending February 28, 1928, but that is unimportant. The action against appellant is upon its bond and is governed by the four years' statute of limitations. Article 5527, R. S. In order for appellant to predicate a defense upon the contractual limitation period provided in the policy, it must show that under such contractual period the action against the Central Company was barred, and, as stated, we regard both of the two petitions of Martinez first filed sufficient to toll limitation.

For reasons to be now stated, we also regard as invalid such contractual provision of the policy and the rights of both plaintiff and intervener unaffected thereby.

The policy contains the usual provision requiring proof of loss within 91 days after the fire, and that the "policy shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of the loss have been received by this company in accordance with the terms of the policy, * * * and the loss shall not become payable until sixty days after the ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this Company, including an award by appraisers when appraisal has been required."

Proof of loss was furnished March 8, 1930.

In American Central Ins. Co. v. Terry (Tex. Com. App.) 26 S.W.(2d) 162, it was held that in the case of a total loss of a house proof of loss is not necessary. This ruling was followed in Security Ins. Co. v. Vines (Tex. Civ. App.) 48 S.W.(2d) 1017 (writ refused), and Hanover Fire Ins. Co. v. Nash (Tex. Civ. App.) 67 S.W.(2d) 452 (writ refused), where attention is called to the fact that the rule announced in the Terry Case is not in harmony with Delaware, etc., Ins. Co. v. Brock, 109 Tex. 425, 211 S. W. 779, and Fire Ass'n of Philadelphia v. Strayhorn (Tex. Com. App.) 211 S. W. 447.

But regardless of the necessity for proof of loss in the present case, the policy in any event was not payable until sixty days after

the loss on December 11, 1929, which would be February 9, 1930. See the four cases last cited, and East Texas Fire Ins. Co. v. Brown, 82 Tex. 631, 18 S. W. 713.

Article 5545, R. S., provides: "No person, firm, corporation, association or combination of whatsoever kind shall enter into any stipulation, contract, or agreement, by reason whereof the time in which to sue thereon is limited to a shorter period than two years. And no stipulation, contract, or agreement for any such shorter limitation in which to sue shall ever be valid in this State."

The plain meaning of this statute is that a plaintiff must be given at least two years after his cause of action accrues in which to file suit. Southern Surety Co. v. Austin (C. C. A.) 22 F.(2d) 881, 882.

The plaintiff's and intervener's cause of action did not accrue until February 9, 1930. It is thus apparent that the provision in the policy requiring suit to be brought within two years and one day next after the fire is in conflict with article 5545. As was said by Judge Foster in Southern Surety Co. v. Austin, supra: "Argument is hardly necessary to show that a provision of a contract that requires suit to be brought and process served within two years after the loss is sustained, rather than after its discovery, or the cause of action accrues, restricts the time for suit to less than two years. A cause of action accrues when the debt is due and suit may be brought on it. Defendant was under no obligation to pay anything before plaintiff gave notice and made proof of loss. Under other provisions of the bond, plaintiff had 90 days after discovering a loss to do this. That the contract is in conflict with the statute is apparent."

■ The provision being in conflict with the article mentioned, it is invalid and void. Southern Surety Co. v. Austin, supra; Maryland Cas. Co. v. Farmers' State Bank & Trust Co. (Tex. Civ. App.) 258 S. W. 584; and other cases cited in note 4, p. 1128, of 24 Tex. Jur. The action is thus governed by the statutory period of four years. Article 5527, R. S.; Maryland Cas. Co. v. Farmers' State Bank & Trust Co., supra; Grand Lodge, etc., v. Hill (Tex. Civ. App.) 277 S. W. 797; American Surety Co. v. Blaine (Tex. Civ. App.) 272 S. W. 828; Id., (Tex. Com. App.) 277 S. W. 619.

The pleadings of the plaintiff and intervener upon which the case was tried having been filed within four years after their causes of action accrued upon the policy and the bond, the plea of limitation is without merit.

■ Appellant's fourth proposition reads: "The evidence in this case showing that the plaintiff as mortgagee effected the fire insurance policy sued on without the knowledge, consent, authorization or ratification of the property owner, Alice Collins, there is no liability of the fire insurance company to the said property owner, and under the express provisions of the policy the Central Federal Fire Insurance Company is subrogated to the rights, liens and equities of the plaintiff as mortgagee in the event it is not liable to the property owner on the policy in question, and American Surety Company of New York as surety on the qualification bond of the Central Federal Fire Insurance Company is entitled to be subrogated to the rights of said Company and the mortgagee as to said property."

The evidence showed that the policy was procured by Martinez without the knowledge, consent, or authority of Alice Collins, but Martinez testified:

"Q. You obtained this policy for your own benefit, did you not? A. Partly for my own benefit and partly for that negro woman.

"Q. But she didn't know anything about it? A. No, not until after the fire.

"Q. She never did know it until this suit was filed? A. No, she knew it right after the fire, the next day, or the second day after the fire, she came over there crying, into my office and said she had lost everything, and saved only one or two blankets, and I told her I had some additional insurance of $1250.00, and then she brightened up.
* * *

"Q. Did you have any sort of conversation or agreement with Alice Collins, at the time you let her have this money originally, whereby you would take care of all of the matters relating to this property out there, such as taxes, insurance, repairs and things of that kind? A. Yes, sir, I was looking after it for her, because she is a very good old negro, and a straight negro woman, and she used to make the payments, at first."

It was further shown that the agent of the Central Company was apprised of all of the facts relating to the ownership of the property insured, its occupancy, and the fact that a mortgage existed thereon in favor of P. P. Martinez, and also that there was already another insurance policy covering the property in the amount of $1,500. The concurrent insurance clause permitted this additional insurance.

The proposition quoted certainly presents no error in so far as concerns Martinez. The

same is true of Alice Collins, for it is settled that a person may enforce a contract made by others for his benefit. Her action in bringing suit upon the policy conclusively manifests her acceptance and ratification of the contract of insurance. Marr-Piper Co. v. Bullis (Tex. Com. App.) 1 S.W.(2d) 572.

 In the statement and argument subjoined to the proposition, appellant calls attention to the position assumed by Alice Collins in a suit by her against the Home Insurance Company upon a fire policy for $1,500 covering the same dwelling. In that case the Home Insurance Company defended upon the ground that the procuring of the Central Company policy of insurance had avoided the Home Company policy because it was in violation of the provision in the Home Company policy forbidding additional unpermitted insurance. In that case Alice Collins took the position that the present policy was procured by Martinez without her knowledge, consent, or authority. It was held that under such circumstances the present policy did not avoid the policy of the Home Insurance Company. See Home Insurance Co. v. Collins (Tex. Civ. App.) 55 S.W.(2d) 898.

The position assumed by Alice Collins in that case presents no defense to the present suit for two reasons: First, because the defendant's answer tenders no issue with respect to the proceedings in the case mentioned; second, if the position assumed by Alice Collins in that case presents any defense to her suit, it must be based upon some principle of estoppel.

It raises no issue of an estoppel in pais in favor of the Central Company or this appellant. This is obvious.

The inconsistency of the position which Alice Collins assumed in that case and the present case is apparent, but no quasi estoppel arising out of the matters of record in the suit against the Home Insurance Company is available to the defendants in the present suit because they were strangers to the other action. 21 C. J. Title Estoppel, §§ 24, 240 and 224; Heard v. Vineyard (Tex. Com. App.) 212 S. W. 489; Schriver v. Taylor (Tex. Civ. App.) 143 S. W. 231; Gulf City Trust Co. v. Hartley, 20 Tex. Civ. App. 180, 49 S. W. 902.

 The judgment included interest to the date of judgment. Appellant complains of this upon the theory that its bond is a statutory one, and the statute is silent as to the right to recover interest on claims.

The award of interest against the Central Company was proper. Under the terms of the bond sued upon the appellant was bound to pay the lawful obligation of the Central Company to pay such interest. This matter, therefore, presents no error.

Affirmed.